THE PEOPLE OF THE STATE OF NEW YORK ex rel. FRANK GUIDO, Appellant, against HAROLD CALKINS, as Sheriff of the County of Schenectady, Respondent.

Third Department, June 2, 1960.

*Ungerman, Greenberg & Harris* (*Joseph Harris* of counsel), for appellant.

*Morris Marshall Cohn, District Attorney,* for respondent.

BERGAN, P. J. Relator was arraigned before a Police Justice on an information charging him with being a common gambler in violation of section 970 of the Penal Law and tried and convicted. The information alleges no facts as to what relator actually did, except the indefinite words that he did " aid and abet in the operation of a gambling establishment ". If he aided and abetted by merely playing in the establishment, he was not a common gambler. (*People* v. *Bright,* 203 N. Y. 73.) The information does not state what it is claimed relator did; and to aid and abet in a violation stated in the naked words of the statute does not state a crime. (*People* v. *Zambounis,* 251 N. Y. 94.)

Although this seems not to be true in respect of indictments before a court of general criminal jurisdiction (*People ex rel. Carr* v. *Martin,* 286 N. Y. 27; *People ex rel. Wachowicz* v. *Martin,* 293 N. Y. 361), it is clear that unless a magistrate or police justice acts upon an information which states sufficient facts to charge a crime, he acts without jurisdiction (*People ex rel. Perkins* v. *Moss,* 187 N. Y. 410) and the writ of habeas corpus is a remedy (*People ex rel. Livingston* v. *Wyatt,* 186 N. Y. 383). That there is a jurisdictional infirmity on an insufficient information which survived even a plea of guilty to a charge before a Police Justice was held in *People* v. *Scott* (3 N Y 2d 148). In *People* v. *James* (4 N Y 2d 482), which was an appeal from a conviction after a trial, although jurisdictional infirmity was not necessarily controlling, the absence of jurisdiction may be implicit in the majority opinion which relied in part on one of the leading New York cases on this subject, *People ex rel. Livingston* v. *Wyatt* (*supra*). We think the information before him gave the Police Justice no jurisdiction.

The order dismissing the writ should be reversed and the writ sustained, without costs.

COON, GIBSON, HERLIHY and REYNOLDS, JJ., concur.

Order dismissing writ reversed and writ sustained, without costs.