■ In the Matter of SAM MARLIN, Appellant, v. HENRY GILLETTE, as Successor in Interest of Mark H. Touhey, Public Safety Commission, et al., Respondents.— Judgment unanimously affirmed, without costs. Memorandum: This proceeding should have been transferred to this court in the first instance pursuant to CPLR 7804 (subd. [g]). (*Matter of United States Tube & Foundry Co.* v. *Feinberg,* 7 A D 2d 591, 595.) Even though it was not, we may treat it as if it were properly transferred. (*Matter of Wignall* v. *Fletcher,* 277 App. Div. 828; *Matter of Continental Term. Operating Corp.* v. *Thompson,* 16 A D 2d 952.) (Appeal from judgment of Monroe Special Term dismissing petition in article 78 proceeding.) Present — Marsh, J. P., Gabrielli, Moule, Bastow and Henry, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ROBERT SHERMAN THOMPSON, Appellant, v. VINCENT R. MANCUSI, Warden, Respondent.— Judgment unanimously affirmed. Memorandum: We agree with County Court that the preferred method of litigating the issue here presented — as to whether or not appellant had counsel at the time of his prior conviction in a foreign State — is by motion to resentence (cf. *People* v. *Jones,* 17 N Y 2d 404; *People* v. *Cornish,* 21 A D 2d 280, 283). No persuasive reason is advanced as to the necessity of resorting to habeas corpus. Presumably the pertinent records relating to the New Hampshire conviction are in the county (Chenango) where sentencing took place. Orderly procedure dictates that relief should be there sought. (Appeal from judgment of Wyoming County Court dismissing writ of habeas corpus.) Present — Marsh, J. P., Gabrielli, Moule, Bastow and Henry, JJ.