■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. GEORGE STEWART, Appellant, v J. EDWIN LA VALLEE, as Superintendent of Clinton Correctional Facility, Respondent.—Appeal from a judgment of the Supreme Court at Special Term, entered June 17, 1975 in Clinton County, which denied defendant's motion to vacate a judgment dismissing his petition for a writ of habeas corpus. Defendant was indicted by a Supreme Court Grand Jury, Albany County, for the crime of robbery, first degree, along with several other related crimes. In Albany County Court, on September 30, 1970, defendant entered a plea of guilty to robbery, first degree, and on October 9, 1970 was sentenced to a term of 15 years' imprisonment. On January 2, 1973, 26 months after imposition of sentence, defendant, by writ of habeas corpus, attacked the jurisdiction of the sentencing court on the ground that the Supreme Court Justice who presided at the final report of the Albany County Grand Jury failed to make and enter an order transferring the indictment from Supreme Court to County Court. On February 8, 1973 Supreme Court Justice Goldman ordered that the writ be sustained to the extent that defendant be returned to Albany County for further proceedings and, further, ordered that, should investigation reveal that the indictment was properly transferred, the order of February 8, 1973 be vacated and defendant returned to the Clinton Correctional Facility. On February 13, 1973 a certified copy of the Grand Jury's report, showing that the District Attorney's motion to transfer the indictment to the Albany County Court was made and granted, was mailed to defendant's attorney and, on that same date, Justice Goldman signed an order vacating his order of February 8, 1973 and dismissing defendant's petition for a writ of habeas corpus. No appeal was taken from the order of February 13, 1973. On June 3, 1975 defendant moved to vacate the order and judgment of February 13, 1973

upon the grounds that (1) although there was an entry in the minutes of the Albany County Grand Jury report, dated May 28, 1970, that the indictment was transferred to County Court, no order was ever made and entered by the Justice Presiding and (2) that defendant's then attorney "Was neither notified of or present at any motion * * * by the Assistant Attorney General * * * which sought to vacate and did vacate the previous order of the Hon. Irving Goldman * * * which previous order sustained the petition for writ of habeas corpus of George Stewart." Vacatur was denied by order dated June 12, 1975 and this appeal ensued. While the Supreme Court in the county of incarceration has jurisdiction of a petition for a writ of habeas corpus, a motion under CPL article 440 in the court of conviction has been consistently held to afford a speedier and more efficacious remedy than reliance on the ancient writ *(People ex rel. White v La Vallee,* 51 AD2d 1093; *People ex rel. Allegretti v Casscles,* 42 AD2d 916). Thus, we have held that habeas corpus does not lie when the defendant could and should have moved pursuant to CPL article 440. However, since the trial court entertained the habeas corpus petition, we must decide this appeal on other grounds. With respect to the underlying alleged jurisdictional error of the absence of an order of indictment transfer from Supreme to County Court, this court spoke directly to this issue in *People ex rel. Sardo v Jackson* (6 AD2d 938), wherein we held that where the minutes of the Supreme Court Term show that the indictment was transferred to the County Court the provisions of the statute (Code Crim Pro, § 22, subd 6)* are satisfied and the formalism of a signed order by a Judge is not required. (See *People ex rel. Albanese v Hunt,* 266 App Div 105, affd 292 NY 528.) Finally, while defendant's contention that it was error not to notify his attorney of the presentation of the February 13, 1973 order to Justice Goldman need not be considered in deciding this appeal, suffice it to say that Justice Goldman's conditional order of February 8, 1973 was self-executing and defendant suffered no harm when it was implemented by his later order after the condition imposed had been met. Order affirmed, without costs. Koreman, P. J., Sweeney, Mahoney, Larkin and Herlihy, JJ., concur.

---

* Applicable law on May 28, 1970. Now, see, CPL 230.10.