■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. GEORGE MALINOW-SKI, Appellant, v J. LELAND CASSCLES, as Superintendent of Great Meadow Correctional Facility, Respondent.—Appeal from a judgment of the Supreme Court at Special Term, entered October 29, 1975 in Washington County, which dismissed petitioner's application for a writ of habeas corpus, without a hearing. In this proceeding petitioner challenges the constitutionality of CPL 720.10 (subd 2, par [a]). An appeal from the order of the Supreme Court was taken directly to the Court of Appeals which, on its own motion, transferred the appeal to this court on the ground questions other than the constitutional validity of a statutory provision are involved (NY Const, art VI, § 5, subd b; CPLR 5601, subd [b], par 2; *Matter of Bartsch v State of New York,* 33 NY2d 938). The prayer for relief in the petition for the writ seeks an order (a) discharging petitioner from the custody of the Superintendent of the facility in which he is confined; and (b) vacating the judgment of conviction. Habeas corpus is not an available or appropriate remedy to collaterally attack a judgment of conviction and sentence on constitutional grounds. Even if the challenged statute were to be declared unconstitutional, it would not result in petitioner's discharge from prison. It is well settled that the remedy of habeas corpus is available only to one who is entitled to immediate release from the custody he is challenging *(People ex rel. Lane v Vincent,* 32 NY2d 940; *People ex rel. Harris v La Vallee,* 42 AD2d 1000; *People ex rel. Tyler v Conboy,* 39 AD2d 806). We have also held that habeas corpus does not lie when the defendant could or should have moved pursuant to CPL article 440 *(People ex rel. White v La Vallee,* 51 AD2d 1093; *People ex rel. Stewart v La Vallee,* 51 AD2d 1092). In any event the precise constitutional question raised here was passed upon by this court in *People v Goodwin* (49 AD2d 53). For the reasons there stated, we conclude that CPL 720.10 (subd 2, par [a]), which denies eligibility for youthful offender status to a youth who is indicted for a class A felony, is in all respects constitutionally valid. Judgment affirmed, without costs. Koreman, P. J., Sweeney, Kane, Main and Larkin, JJ., concur.