■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. LAWRENCE ARTESE, Appellant, v NEW YORK STATE BOARD OF PAROLE et al., Respondents.— Appeal from a judgment of the Supreme Court at Special Term, entered July 23, 1976 in Greene County, which denied petitioner's application for a writ of habeas corpus, without a hearing. After petitioner entered a plea of guilty to robbery, second degree, he was sentenced by the Supreme Court, Kings County, to an indeterminate prison term with a maximum of five years and no minimum. Pursuant to subdivision 2 of section 212 of the Correction Law, the Board of Parole fixed the minimum period of imprisonment to be served by petitioner prior to parole consideration as two and one-half years. The Board of Parole gave petitioner no reasons or explanation in its determination fixing the minimum sentence. On this appeal, petitioner claims that the due process clause and the equal protection clause of the Fourteenth Amendment of the United States Constitution requires the Board of Parole to furnish him with a written statement setting forth

reasons in fixing a minimum sentence. The judgment must be affirmed. At the outset we note that petitioner appealed to this court by a notice of appeal dated May 21, 1976 "from a decision of Hon. Justice George L. Cobb decided on May 1, 1976". The appeal should have been taken from the final judgment herein entered on July 23, 1976. An initial appeal must be taken from the judgment or order of the court of original instance (CPLR 5512, subd [a]). As the Attorney-General, as counsel for respondents, treats the appeal as from the judgment entered July 23, 1976 without claiming prejudice, we treat this appeal as from the judgment of July 23, 1976 (CPLR 2001). As an application, pursuant to CPLR article 70, it must be dismissed for failure to comply with the requirements for the contents of the petition set forth in the CPLR 7002 (subd [c]). In addition, habeas corpus is not an appropriate remedy in this case as the petitioner would not be entitled to immediate release from custody as he would still be required to serve his minimum term *(People ex rel. Malinowski v Casscles,* 53 AD2d 954). Petitioner alleges in his petition that on September 24, 1975 he appeared before the respondent Board of Parole for the purpose of his initial parole hearing and that the Board of Parole denied him parole without giving him a written statement setting forth reasons. The record clearly demonstrates that the hearing on September 24, 1975 was not a hearing to consider parole. Petitioner was brought before the board, pursuant to subdivision 2 of section 212 of the Correction Law, to determine the minimum period of imprisonment prior to parole consideration. We conclude that the due process and equal protection clauses of the United States Constitution did not require the Board of Parole to furnish petitioner with a written statement of reasons on fixing his minimum period of imprisonment. There is no statutory requirement that the Board of Parole state its reasons for the minimum period of imprisonment. Since January 20, 1976, however, the Board of Parole has been providing to inmates periods of imprisonment with a statement of the reasons for the minimum imposed. There is no requirement that the Board of Parole's new policy should be applied retroactively to prisoners whose minimum period of imprisonment was imposed prior to the adoption of this new policy. Such a requirement would create administrative chaos. Judgment affirmed, without costs. Mahoney, J. P., Main, Larkin, Herlihy and Reynolds, JJ., concur.