THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOSE A. CORDERO, Also Known as JOSE RODRIGUEZ, Respondent, v PAUL METZ, as Superintendent of Great Meadow Correctional Facility, Appellant.—Appeal from a judgment of the Supreme Court at Special Term, entered on September 24, 1976 in Washington County, which sustained a writ of habeas corpus and released petitioner from custody. Petitioner was sentenced as a second felony offender on March 15, 1976 by the Suffolk County Judge to two concurrent one and one-half to three-year sentences for attempted assault second degree and attempted burglary third degree (Penal Law, § 70.06). These concurrent sentences were also to run concurrently with a previous sentence not yet expired. At the time of sentencing in Suffolk County petitioner had served 33 months on his prior conviction and the court, during the allocution with petitioner, created the impression that it was possible that the Department of Correction might apply the time served on the prior conviction (33 months) against the maximum sentence of 36 months then being imposed. Accordingly, on May 7, 1976 petitioner made application for a writ of habeas corpus to the Supreme Court in the county of his incarceration alleging that he was being held beyond the sentence imposed. The writ was granted on July 20, 1976 and the petitioner was

discharged from custody by Supreme Court judgment dated September 24, 1976. Special Term erred sustaining the writ of habeas corpus. The proper procedure would have been to refer the matter to the sentencing court in Suffolk County, there to be considered as a motion by petitioner (defendant) for relief pursuant to CPL article 440. We have held that habeas corpus does not lie when the petitioner has a more appropriate remedy such as *coram nobis* [now CPL art 440] *(People ex rel. White v La Vallee,* 51 AD2d 1093; *People ex rel. Stewart v La Vallee,* 51 AD2d 1092; *People ex rel. Negron v Herold,* 34 AD2d 1047; see, also, *People ex rel. Thompson v Mancusi,* 33 AD2d 643). By this determination we do not conclude that a motion pursuant to CPL 440.10 is an exclusive remedy under all circumstances, thereby abolishing the habeas corpus writ as a vehicle for attacking the validity of a conviction. We do hold, however, that under the facts here present and in the absence of any allegations by petitioner of unconstitutionality, CPL article 440 is the proper remedy. The procedures for attacking sentencing errors have been legislatively established and must be followed in the absence, as here, of grave constitutional issues reviewable by the ancient state writ of habeas corpus (see Denzer, Practice Commentary, McKinney's Cons Laws of NY, Book 11-A, CPL 440.10, pp 183-184). Judgment reversed, on the law, without costs, and matter remitted to Supreme Court, Washington County, with instruction that the matter be transferred to the Trial Part of the Suffolk County Court. Koreman, P. J., Kane, Mahoney, Larkin and Herlihy, JJ., concur.