I dissent in part and vote for modification of the order of the Appellate Division, by deleting that part thereof which held petitioner entitled to the reasons for the establishment of his minimum period of imprisonment and by ordering a dismissal of the petition.
Petitioner pleaded guilty to the class B felony of manslaughter in the first degree, committed on September 2, 1972. He was sentenced in Supreme Court, Erie County, on May 9, 1973 to an indeterminate sentence of zero to 25 years. On March 13, 1974, a minimum. period of imprisonment hearing was conducted, following which three members of the Parole Board fixed appellant’s minimum period of imprisonment at four years.
Petitioner thereafter commenced this article 78 proceeding against the Chairman of the New York State Board of Parole, by a petition dated February 24, 1975, for a judgment requiring the "furnishing to each and every prisoner requesting release on parole, written reasons for the denial thereof.” After a hearing in Supreme Court, Wyoming County, judgment was entered, determining that "no minimum period of imprisonment has ever legally been set by the State for this inmate” and directing: (1) that petitioner "be returned to Supreme Court, Erie County for resentence with the Court setting the minimum sentence as it has power to do under Penal Law § 70.00”; and (2) that, in default of such resentence within 60 days, petitioner be discharged from custody. On appeal, the Appellate Division, Fourth Department, reversed said judgment and remitted the matter to the Board of Parole *1089 for the giving of reasons why the board established his minimum period of imprisonment at four years.
The Appellate Division was correct in holding that it was error for Supreme Court, Wyoming County, to direct that petitioner be returned to the Supreme Court, Erie County, "for resentence with the Court setting the minimum sentence as it has the power to do under Penal Law § 70.00” and that, upon failure to so resentence, petitioner be discharged. Section 70.00 (subd 3, par [b]) of the Penal Law provides, inter alia, that, where the sentence is for a class B felony and the court, having regard to the nature and circumstances of the crime and to the history and character of the defendant, is of the opinion that the ends of justice and best interests of the public require that the court fix a minimum period of imprisonment, the court may fix such a minimum. When the minimum is so fixed, "the court shall set forth in the record the reasons for its action”. Paragraph (c) of said subdivision then goes on to provide: "In any other case [other than as specified in paragraphs (a) or (b)], the minimum period of imprisonment shall be fixed by the state board of parole in accordance with the provisions of the correction law.” The fixing of the minimum period of imprisonment under paragraph (b) is a "matter entirely within the court’s discretion”, the purpose of the language of the paragraph being to indicate that a minimum does not have to be imposed as a matter of course (Hechtman, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law, § 70.00, p 199). The effect of the Supreme Court, Wyoming County, judgment directing resentence with a "setting [of] the minimum sentence * * * under Penal Law § 70.00” would be destructive of the discretion reposed in the sentencing court. Supreme Court, Wyoming County, lacked authority to order petitioner’s parole release, or to make it conditional on a resentence in the sentencing county, since the parole of residents of State correctional facilities is a matter committed to the discretion of the Parole Board and cannot be obtained upon application of such a resident (Correction Law, § 214, subds 1, 4).
It is submitted, however, that the Appellate Division, relying on Matter of Festus v Regan (50 AD2d 1084), was in error in holding that petitioner was entitled to be given reasons why the board established his minimum period of imprisonment at four years. Section 212 of the Correction Law is devoid of statutory direction that reasons be ascribed for *1090 setting the minimum period of imprisonment by the Board of Parole. A court assumes a great responsibility in reading into a statute words which are not there and, in the absence of clear necessity, it is a legally incorrect thing to do (Matter of Palmer v Spaulding, 299 NY 368, 372; see McKinney’s Cons Laws of NY, Book 1, Statutes, § 92). It is obvious that there is no necessity to engraft any such requirement upon the Legislature’s enactment since a substantial body of case law supports the proposition that the due process and equal protection clauses do not compel a furnishing to petitioner by the Board of Parole of a written statement of reasons for fixing his minimum period of imprisonment (see People ex rel. Artese v New York State Bd. of Parole, 54 AD2d 1047; Matter of Festus v Regan, 40 NY2d 1091 [dismissing appeal taken on constitutional grounds from order pursuant to decision at 50 AD2d 1084]; cf. Matter of Briguglio v New York State Bd. of Parole, 24 NY2d 21, 26; Matter of Cummings [Michael] v Regan, 45 AD2d 415, 416-417, revd 36 NY2d 969, 971; Menechino v Oswald, 430 F2d 403, 408-409, cert den 400 US 1023). Indeed, neither does petitioner raise or urge any constitutional issue before this court, nor does he supply any statutory citation requiring a written statement of reasons by the board upon fixation of a minimum period of imprisonment.
Although the Board of Parole, about 22 months subsequent to the setting of petitioner’s minimum period, adopted a policy of giving reasons, retroactive effect would be a matter for the Legislature and the board’s new policy should not be retroactively applied by the courts, since it would have a devastating effect upon the parole system and since due process is not involved in the nonadversary administrative determination of the minimum period of imprisonment (see People ex rel. Artese v New York State Bd. of Parole, 54 AD2d 1047, supra; cf. People ex rel. Donohoe v Montanye, 35 NY2d 221, 225; People ex rel. Calloway v Skinner, 33 NY2d 23, 32-33; Matter of Bye, 12 Cal 3d 96, 111-112, cert den sub nom. Procunier v Bye, 420 US 996).
Order affirmed, etc.