■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFONSO J. VERDEROSA, JR., Appellant. — Appeal from a judgment of the County Court of Saratoga County, rendered February 29, 1980, convicting defendant upon his plea of guilty of the crime of escape in the second degree. Defendant was charged in an indictment with the crime of escape in the first degree. His attorney entered into plea bargaining negotiations and in a letter to defendant stated "the Judge is unmoved from a 2-4 year concurrent sentence if a plea is entered or a 3½-7 year consecutive sentence if there is a conviction after trial." Defendant eventually pleaded guilty to escape in the second degree and was sentenced to an indeterminate term with a minimum of two years and a maximum of four years. Pursuant to subdivision 2-a of section 70.25 of the Penal Law, the court was required to impose a sentence to run consecutively with the undischarged sentence that defendant was then subject to and which was imposed prior to the date on which the present crime was committed. The court, however, in response to a question by defendant after sentence was imposed as to whether the sentence was concurrent, answered "Mr. Ciulla [defendant's attorney] will explain that to you, what my silence means." What was then told to defendant by his attorney does not appear in the record. On this appeal, defendant argues that he entered into a plea bargain whereby he would receive a two- to four-year sentence to run concurrently with his undischarged sentence in return for his plea of guilty. No such agreement is presented on the record and we would presume that both the court and defendant's attorney were aware that a consecutive sentence was required by subdivision 2-a of section 70.25 of the Penal Law. Under the circumstances presented herein, however, we are of the view that the court erred in not telling defendant in response to his question that a consecutive sentence was mandated by law. If defendant was then informed by the court concerning the required sentence and he was of the belief that the bargained for sentence was not imposed, he could then have promptly

moved to withdraw his plea of guilty if he so desired. Based on the present record, it is the opinion of this court that the failure of the sentencing court to inform defendant, in response to his question, that the law required that a consecutive sentence be imposed requires a reversal of defendant's conviction. In view of this conclusion, we need not now consider defendant's remaining arguments. Judgment reversed, on the law and the facts, and matter remitted to the County Court of Saratoga County for further proceedings not inconsistent herewith. Sweeney, J. P., Casey, Yesawich, Jr., Weiss and Herlihy, JJ., concur.