■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. DONALD FRAZIER, Appellant, v PHILIP COOMBE, as Superintendent of Napanoch Correctional Facility, Respondent. — Appeal from a judgment of the Supreme Court at Special Term (Vogt, J.), entered July 17, 1981 in Ulster County, which, *inter alia,* denied, without a hearing, a petition for a writ of habeas corpus. On November 12, 1980, petitioner was sentenced as a second felony offender to an indeterminate sentence of 3½ to 7 years following his conviction of criminal possession of a weapon in the third degree. Petitioner commenced this present proceeding by a petition for a writ of habeas corpus dated January 30, 1981, contending, *inter alia,* that the indictment was jurisdictionally defective, and the results of a warrantless search and seizure were improperly introduced into evidence at trial. Special Term denied the petition and referred the matter back to the court of conviction. Significantly, the petition fails to state whether the judgment of conviction was appealed (see CPLR 7002, subd [c], par 5). Since the issues raised herein could have been reviewed directly by way of appeal (*People ex rel. Gaines v Jones,* 79 AD2d 1065; *People ex rel. Palmer v LeFevre,* 72 AD2d 618), or pursuant to CPL article 440 in the court of conviction (*People ex rel. Russell v LeFevre,* 59 AD2d 588, mot for lv to app den 42 NY2d 811; *People ex rel. Malinowski v Casscles,* 53 AD2d 954, app dsmd 40 NY2d 989), habeas corpus is not an appropriate remedy. Having referred the matter to the court of conviction, Special Term has effectively directed proper relief. Judgment affirmed, without costs. Mahoney, P. J., Sweeney, Yesawich, Jr., Weiss and Levine, JJ., concur.

■ In the Matter of CHARLES MONTGOMERY et al., Appellants, v EUGENE S. LeFEVRE, as Superintendent of the Clinton Correctional Facility, et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Ford, J.), entered May 18, 1981 in Clinton County, which denied petitioners' application for, *inter alia,* an order to show cause commencing a proceeding against respondents pursuant to CPLR article 78. The appeal must be dismissed since the denial of an ex parte application for an order to show cause is not appealable (see CPLR 5701, subd [a], par 2; *Matter of Singleton v New York State Bd. of Parole,* 78 AD2d 583). Were we to reach the merits, we would affirm Special Term's refusal to grant the order to show cause solely on the ground that petitioners failed to exhaust administrative remedies (see *Matter of Patterson v Smith,* 53 NY2d 98). Appeal dismissed, without costs. Mahoney, P. J., Sweeney, Yesawich, Jr., Weiss and Levine, JJ., concur.