■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. WALTER WORLD, Appellant, v EVERETT W. JONES, as Superintendent of Great Meadow Correctional Facility, Respondent. — Appeal from a judgment of the Supreme Court at Special Term (Ford, J.), entered September 2, 1981 in Washington County, which denied, without a hearing, a petition for writ of habeas corpus. On December 18, 1979, petitioner was sentenced as a second felony offender to an indeterminate sentence of three to six years upon his plea of guilty to robbery in the second degree. Pursuant to subdivision 2-a of section 70.25 of the Penal Law, the court was required to impose a sentence to run consecutively with an undischarged sentence based on two 1965 convictions. At the time of the subject arrest, petitioner was on parole from these latter convictions. The court, however, did not expressly state, nor did the commitment papers indicate, whether the sentence would run consecutively or concurrently. Petitioner commenced the instant proceeding by a petition for writ of habeas corpus dated August 21, 1981 contending that respondent illegally converted the present sentence into a consecutive sentence and that he was entitled to immediate release pursuant to the provisions of section 70.30 (subd 1, par [a]) and section 70.40 (subd 1, par [b]) of the Penal Law. Special Term denied the petition, finding petitioner's challenge was a matter for the court of conviction, and not the proper subject for a writ of habeas corpus. This appeal ensued. Since petitioner's challenge to the legality of the sentence could have been reviewed directly by way of appeal or pursuant to CPL article 440 in the court of conviction, habeas corpus is not an appropriate remedy (see *People ex rel. Frazier v Coombe,* 87 AD2d 904, and cases cited therein). This is particularly true when, as here, an appeal is pending on the subject conviction (see *People ex rel. Greenwaldt v Infante,* 87 AD2d 904). Moreover, resentencing in full compliance with the requirements of subdivision 2-a of section 70.25 would not effect an immediate release of petitioner from custody (see *People ex rel. Douglas v Vincent,* 50 NY2d 901, 903), but merely confirm that a consecutive sentence was mandated. Nor do the facts of this case compel a departure from traditional orderly procedure (*People ex rel. Keitt v McMann,* 18 NY2d 257, 262). Review of the sentencing minutes demonstrates that the court advised petitioner he would be sentenced as a second felony offender after petitioner openly admitted the prior felony convictions. Nonetheless, petitioner and his attorney made no inquiry as to whether the sentence would run consecutively with the undischarged sentence (cf. *People v Verderosa,* 80 AD2d 930). Under such circumstances, we would presume that petitioner's counsel realized a consecutive sentence was required and had so advised his client (*id.*). In addition, the commitment order to the New York State Department of Correctional Services directed that petitioner be "dealt with in accordance with the laws pertaining to his sentence". Certainly the provisions of subdivision 2-a of

section 70.25 are included within this direction and respondent computed petitioner's sentence accordingly. The judgment, therefore, should be affirmed. Judgment affirmed, without costs. Sweeney, J. P., Kane, Casey, Weiss and Levine, JJ., concur.