(February 10, 1983)

■ The People of the State of New York ex rel. Marvin H. Schaurer, Appellant, v Walter Fogg, as Superintendent of the Eastern Correctional Facility, Respondent. — Appeal from a judgment of the Supreme Court at Special Term (Klein, J.), entered December 5, 1980 in Ulster County, which dismissed a habeas corpus proceeding after a hearing. Petitioner is serving a sentence of 12½ to 25 years in prison upon his conviction on two counts of robbery, first degree, and two counts of larceny, second degree. The judgment of conviction was affirmed on appeal (*People v Schaurer*, 70 AD2d 790, mot for lv to app den 48 NY2d 642). In his petition for a writ of habeas corpus, petitioner alleges that the police lacked probable cause for his arrest and that the Judge erred in both denying suppression of physical and identification

evidence and in failing to state in his decision findings of fact and conclusions of law on the issue of probable cause for his arrest, as required by CPL 710.50. The judgment should be affirmed. The rule in this State is that habeas corpus is not an appropriate remedy to collaterally attack a judgment of conviction upon constitutional grounds (*People ex rel. Russell v LeFevre*, 59 AD2d 588, mot for lv to app den 42 NY2d 811). Nor may habeas corpus be used as a substitute to review alleged errors which were raised on direct appeal from judgment of conviction or those which could have been raised but were not (*People ex rel. Gaines v Jones*, 79 AD2d 1065). While we do not have before us as part of the instant record a transcript of the record upon petitioner's direct appeal to the Appellate Division, Fourth Department, we are satisfied that the issues raised in that appeal were presented to Special Term. That record clearly demonstrates that both petitioner and his assigned counsel stated to and assured Special Term that the claim that "[t]he lack of probable cause precluded arrest or search or unlawful restraint in violation of the Fourth Amendment" constituted the first point in his appeal to the Appellate Division. Special Term later inquired "[w]e are going to concentrate strictly on the question of seizure * * *. Is it agreed that it was argued on appeal?", and petitioner himself answered "[i]t was argued on appeal, Your Honor." Petitioner's reliance upon the *Keitt* case to support his argument that habeas corpus is an appropriate "means of vindicating fundamental constitutional or statutory rights" (*People ex rel. Keitt v McMann*, 18 NY2d 257, 262) is unpersuasive, since that court further held "[d]eparture from traditional orderly proceedings, such as appeal, should be permitted only when dictated, as here, by reason of practicality and necessity" (*id.*, at p 262). Since it is beyond cavil that the issue of whether the suppression court erred in denying suppression of the items thrown from petitioner's vehicle during hot pursuit by the police was argued upon his prior appeal, we are not here dictated by reasons of practicality and necessity to depart from the traditional orderly proceedings (*People ex rel. Keitt v McMann, supra; People ex rel. Palmer v LeFevre*, 72 AD2d 618). Moreover, habeas corpus is only available to one who is entitled to immediate release (*People ex rel. Lane v Vincent*, 32 NY2d 940). Petitioner argued before Special Term that he sought only to be returned to Monroe County Court for a further suppression hearing. Under these circumstances, he would not be entitled to an immediate release. Hence, habeas corpus is unavailable (*People ex rel. Malinowski v Casscles*, 53 AD2d 954, app dsmd 40 NY2d 989). Judgment affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.