■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ROBERT SALES, Also Known as ROBERT FLUNORY, Appellant, v EUGENE S. LeFEVRE, as Superintendent of Clinton Correctional Facility, Respondent. — Appeal from a judgment of the

Supreme Court at Special Term (Graves, J.), entered April 9, 1981 in Clinton County, which denied petitioner's application for a writ of habeas corpus, without a hearing. Petitioner was sentenced by the Albany County Court on July 7, 1978 to an indeterminate term of 7½ to 15 years as a predicate felony offender upon his conviction of robbery in the second degree. This court subsequently affirmed (*People v Sales,* 73 AD2d 846) and application for leave to appeal to the Court of Appeals was denied (49 NY2d 896). By petition verified March 11, 1981, petitioner commenced this proceeding seeking a writ of habeas corpus upon the grounds of insufficiency of the evidence before the Grand Jury, prosecutorial misconduct, and denial of the right to confrontation. Special Term properly dismissed the petition since this court had previously rejected petitioner's challenge to the sufficiency of the trial evidence, thereby foreclosing the present challenge to the sufficiency of the evidence before the Grand Jury (CPL 210.30, subd 6; *People ex rel. Palmer v LeFevre,* 72 AD2d 618). The writ may not be utilized to review errors already passed upon in an earlier appeal (*People ex rel. Keitt v McMann,* 18 NY2d 257, 262). Contrary to petitioner's argument in his brief, this is not an instance where the indictment was obtained solely on the basis of hearsay testimony which would deprive the court of a jurisdictional predicate (see *People ex rel. Guido v Calkins,* 10 AD2d 510, revd on other grounds 9 NY2d 77). Inasmuch as the remaining issues could have been reviewed directly by way of appeal or pursuant to CPL article 440 in the court of conviction, habeas corpus is inappropriate (*People ex rel. Hall v LeFevre,* 92 AD2d 956; *People ex rel. World v Jones,* 88 AD2d 1096, mot for lv to app den 57 NY2d 608). Nor may habeas corpus be utilized to collaterally attack the judgment on constitutional grounds (*People ex rel. Russell v LeFevre,* 59 AD2d 588, mot for lv to app den 42 NY2d 811; *People ex rel. Malinowski v Casscles,* 53 AD2d 954, app dsmd 40 NY2d 989). The facts of this case do not compel a departure from traditional orderly procedure (see *People ex rel. Keitt v McMann,* 18 NY2d 257, *supra*). Petitioner's contentions of prosecutorial misconduct are without factual basis in the record (cf. *People v Rao,* 73 AD2d 88 [pattern of egregious prosecutorial misconduct requiring dismissal of indictment]). Nor was petitioner denied his constitutional right of confrontation because the victim died before trial. There is no contention that petitioner was deprived of his right to cross-examine those witnesses who testified at trial. The judgment should be affirmed. Judgment affirmed, without costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.