■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. HARRY DAVIS, Appellant, v PHILIP COOMBE, as Superintendent of Eastern Correctional Facility, Respondent. — Appeal from a judgment of the Supreme Court at Special Term (Traficanti, J.), entered April 22, 1983 in Ulster County, which dismissed a writ of.habeas corpus, in a proceeding pursuant to CPLR article 70, after a hearing. Petitioner is presently serving a sentence of two to four years in prison upon his conviction after a jury trial of criminally negligent homicide. In his petition for a writ of habeas corpus, petitioner alleged that he was denied his right to appear and testify before the Grand Jury; that the evidence before the Grand Jury was legally insufficient to sustain the indictment; and that the trial court erred in charging criminally negligent homicide as a lesser included offense of murder in the second degree. He further stated that a notice of appeal dated July 5, 1982 had been filed, but that no resolution of the appeal had yet been made. The writ was dismissed by Special Term after a hearing and the instant appeal by petitioner ensued. There should be an affirmance. Since petitioner's contentions of illegality could have been reviewed directly by way of direct appeal or pursuant to a CPL article 440 proceeding in the court of conviction, habeas corpus relief is inappropriate (*People ex rel. Sales v LeFevre,* 93 AD2d 945; *People ex rel. Hall v LeFevre,* 92 AD2d 956, affd 60 NY2d 579; *People ex rel. World v Jones,* 88 AD2d 1096, mot for lv to app den 57 NY2d 608; *People ex rel. Frazier v Coombe,* 87 AD2d 904; *People ex rel. Jenkins v Smith,* 58 AD2d 1033). Particularly is this so where a notice of appeal from the original conviction has, as here, been filed (*People ex rel. Greenwaldt v Infante,* 87 AD2d 904). Although the record does not establish whether petitioner's appeal to the Appellate Division, Second Department, has been perfected, the fact remains that an opportunity to raise the present issues was available on appeal (*People ex rel. Schaurer v Fogg,* 92 AD2d 647). Further, the facts of this case do not

demonstrate a violation of petitioner's fundamental constitutional rights such as to compel a departure from traditional orderly procedure (*People ex rel. Keitt v McMann,* 18 NY2d 257). Moreover, we note that criminally negligent homicide may constitute a lesser included offense of murder in the second degree (see *People v Green,* 56 NY2d 427, 432-434; *People v Stanfield,* 36 NY2d 467). Judgment affirmed, without costs. Mahoney, P. J., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.