■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. HERBERT THOMAS, et al., Appellants, v EUGENE S. LeFEVRE, as Superintendent of Clinton Correctional Facility, Respondent. — Appeal from a judgment of the Supreme Court at Special Term (Mercure, J.), entered August 15, 1983 in Clinton County, which denied petitioners' application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing. ¶ Petitioners are each presently serving a sentence of 25 years to life in prison upon their respective convictions after a jury trial for murder in the second degree. In a combined petition for a writ of habeas corpus, petitioners allege that each was denied his right to appear and testify before the Grand Jury due, in part, to ineffective assistance of counsel. Additionally, petitioner Victor Marchand's conviction was affirmed by the Appellate Division, Second Department (*People v Marchand,* 83 AD2d 995), and a subsequent application for leave to appeal to the Court of Appeals was denied (55 NY2d 752). Petitioner Herbert Thomas has apparently yet to perfect a direct appeal from his conviction. The writ was denied by Special Term without a hearing, and the instant appeal ensued. ¶ There should be an affirmance. The contentions of illegality raised by petitioners could have been reviewed directly, either by means of a direct appeal or pursuant to a CPL article 440 proceeding in the court of conviction. Habeas corpus, therefore, is an inappropriate remedy (*People ex rel. Davis v Coombe,* 97 AD2d 667; *People ex rel. Sales v LeFevre,* 93 AD2d 945, mot for lv to app den 60 NY2d 558; *People ex rel. Hall v LeFevre,* 92 AD2d 956, affd 60 NY2d 579; *People ex rel. World v Jones,* 88 AD2d 1096, mot for lv to app den 57 NY2d 608). Although the record does not reveal which issues petitioner Marchand raised on his appeal, the fact remains that an opportunity to raise the present issues was available (see *People ex rel. Schaurer v Fogg,* 92 AD2d 647; *People ex rel. Gaines v Jones,* 79 AD2d 1065). A similar opportunity was available to petitioner Thomas, notwithstanding his failure to perfect a direct appeal (see *People ex rel. Davis v Coombe, supra*). Nor do the facts of this case indicate a violation of petitioners' fundamental constitutional rights such as to warrant a departure from traditional orderly procedure (see *People ex rel. Keitt v McMann,* 18 NY2d 257, cert den 376 US 972). ¶ Judgment affirmed, without costs. Mahoney, P. J., Main, Weiss, Levine and Harvey, JJ., concur.