■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. SEVERO GUEVARA, Petitioner, v E. W. JONES, as Superintendent of Great Meadow Correctional Facility, et al., Respondents. — Application, pursuant to CPLR 7002 (subd [b], par 2) for writ of habeas corpus denied (see *People ex rel. Davis v Coombe,* 97 AD2d 667). Mahoney, P. J., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIE LEE KIRKSEY, Petitioner, v EUGENE LeFEVRE, as Superintendent of Clinton Correctional Facility, Respondent. — Application, pursuant to CPLR 7002 (subd [b], par 2) for writ of habeas corpus denied (see *People ex rel. Thomas v LeFevre,* 102 AD2d 925). Kane, J. P., Main, Casey, Levine and Harvey, JJ., concur.

■ HUDSON CITY SAVINGS INSTITUTION, Plaintiff, v JOSEF J. BURTON et al., Defendants. — Motion to vacate order pursuant to CPLR 5704 denied, without costs. In our opinion, review of this order does not come within the provision of CPLR 5704 (subd [a]). Mahoney, P. J., Kane, Main, Levine and Harvey, JJ., concur.

■ EUGENE EATON, Respondent, v RICHARD BEACH et al., Appellants. — Motion, pursuant to 22 NYCRR 800.12 of the Rules of Practice, for extension of time to perfect appeal deemed abandoned denied, without costs, and appeal dismissed as academic. An appeal from the final judgment is the only method for reviewing an intermediate order after a final judgment is entered (*Jema Props. v McLeod,* 51 AD2d 702). In the event that an appeal is taken by plaintiff from the order granting defendants summary judgment, any error alleged in the order entered March 5, 1984, to the extent that it affects the final judgment, may be reviewed upon the appeal from the final judgment (CPLR 5501, subd [a], par 1). Casey, J. P., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.