█ THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILBERT WRIGHT, Appellant, v EUGENE S. LEFEVRE, as Superintendent of Clinton Correctional Facility, Respondent. — Levine, J. Appeal from a judgment of the Supreme Court at Special Term (Crangle, J.), entered July 6, 1984 in Clinton County, which denied petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.

Petitioner is currently serving a term of 25 years to life imprisonment, having been sentenced as a persistent felony offender upon his conviction of the crime of manslaughter in the first degree. This conviction was subsequently affirmed (*People v Wright,* 43 AD2d 666, *affd* 35 NY2d 944). In a petition for a writ of habeas corpus, petitioner alleged that the trial court did not have jurisdiction of his case because, in his opinion, the term of the Trial Judge in New York County (Davidson, J.), had expired prior to petitioner's trial and his sentencing on April 26, 1972. Special Term dismissed the petition and this appeal ensued. We affirm.

As noted by Special Term, habeas corpus relief is inappropriate here since petitioner's contention that the trial court lacked jurisdiction could have been reviewed directly during the appeals of his conviction or pursuant to a CPL article 440 proceeding in the court of conviction (CPL 440.10 [1] [a]; *see also, People ex rel. Thomas v LeFevre,* 102 AD2d 925; *People ex rel. Davis v Coombe,* 97 AD2d 667). There is no evidence in the record presented here to indicate that petitioner's constitutional rights have been violated so as to mandate a departure from traditional orderly procedure (*see, People ex rel. Davis v Coombe, supra,* p 668).

Further, we take judicial notice of the fact that Justice Davidson's term did not expire on December 31, 1969, as petitioner contends, but was instead scheduled to end on December 31, 1970. However, in the general election held November 3, 1970, Justice Davidson was reelected to another 14-year term (1971-1972 NY Legis Manual, at 1413). Accordingly, petitioner's contention that Justice Davidson improperly presided at his trial is meritless.

Judgment affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.