■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. HILLARY BEST, Appellant, v ROBERT H. KUHLMANN, as Superintendent of Sullivan Correctional Facility, Respondent.—Weiss, J. Appeal from a judgment of the Supreme Court (Hanofee, J.), entered September 27, 1988 in Sullivan County, which denied petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.

Upon retrial, petitioner was convicted of first degree rape and ultimately resentenced to an indeterminate prison term of 8⅓ to 25 years based on a February 18, 1976 incident (see, *People v Best*, 127 AD2d 671, *lv denied* 70 NY2d 642). By petition dated August 4, 1988, petitioner commenced the instant habeas corpus proceeding alleging that his conviction

emanated from an unconstitutional ex post facto application of the law. Specifically, petitioner argued that the trial court improperly defined "forcible compulsion" under the amended "reasonable resistance" standard (see, L 1977, ch 692), rather than the "earnest resistance" standard in effect at the time of the crime. Supreme Court dismissed the petition, finding that habeas corpus relief was not available to petitioner. This appeal ensued.

We affirm. As Supreme Court recognized, petitioner's present challenge could readily have been made on direct appeal or pursuant to CPL article 440 in the court of conviction, but was not (see, People ex rel. Rosado v Miles, 138 AD2d 808; People ex rel. Douglas v Vincent, 67 AD2d 587, 589, affd 50 NY2d 901). Moreover, we do not perceive a substantial constitutional violation warranting a departure from traditional orderly procedure (see, People ex rel. Keitt v McMann, 18 NY2d 257, 262). The law in effect at the time of the crime defined "forcible compulsion" in terms of "earnest resistance", but did not specifically define the latter term (see, Penal Law § 130.00 [former (8)], as added by L 1965, ch 1030). In 1977, the Legislature responded by defining earnest resistance as "resistance of a type reasonably to be expected from a person who genuinely refuses to participate" in the illegal act (L 1977, ch 692, § 2). We recognize that upon retrial, the trial court charged the statutory definition of "forcible compulsion" and further explained "earnest resistance" in terms of the 1977 definition, specifically rejecting the "utmost resistance" interpretation. Nonetheless, this charge was not an ex post facto application of a reduced evidentiary standard, but a proper interpretation of "earnest resistance" as governed by existing case law (see, People v Yanik, 43 NY2d 97; Donnino, Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law art 130, at 568-569). Moreover, given the knifepoint attack, the alternative definition of " 'Forcible compulsion' " as an express threat creating a "fear of immediate death or serious physical injury" (Penal Law § 130.00 [former (8)]) was readily satisfied. The judgment dismissing petitioner's application for a writ of habeas corpus should, therefore, be affirmed.

Judgment affirmed, without costs. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.