■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL BRIGHT, Appellant.—Judgment unanimously affirmed. Memorandum: The trial court did not abuse its discretion in denying defendant's motion to withdraw his guilty plea *(see,* CPL 220.60; *People v Ramos,* 63 NY2d 640, 642; *People v Dixon,* 29 NY2d 55, 57). Further, defendant's claim that he was sentenced improperly is without merit. Because defendant voluntarily admitted his prior felony conviction and was aware that he was facing an enhanced sentence, he is estopped from challenging the court's sentencing him as a second felony offender *(see, People v Bates,* 124 AD2d 994; *see also, People v Bouyea,* 64 NY2d 1140). (Appeal from judgment of Orleans County Court, Miles, J.—absconding from temporary release, first degree.) Present—Dillon, P. J., Callahan, Balio, Lawton and Davis, JJ.

■ In the Matter of WILLIAM TULLIS, Appellant, v WALTER R. KELLY, as Superintendent of Attica Correctional Facility, Respondent.—Judgment unanimously affirmed. Memorandum: Special Term properly dismissed the petition seeking a writ of habeas corpus because it failed to comply with the procedural requirements of CPLR 7002 (c) *(see, People ex rel. Artese v New York State Bd. of Parole,* 54 AD2d 1047; *People ex rel. Kagan v La Vallee,* 49 AD2d 986). In addition, habeas corpus is not an appropriate remedy. The contentions raised by petitioner could have been reviewed on his direct appeal or on a motion brought pursuant to CPL article 440 in the court of conviction *(see, People ex rel. Goss v Smith,* 69 NY2d 727, *affg* 116 AD2d 968; *People ex rel. Milwood v Kuhlmann,* 136 AD2d 784; *People ex rel. Nelson v Scully,* 119 AD2d 709; *People ex rel. Brady v Scully,* 111 AD2d 419, *lv denied* 65 NY2d 609; *People ex rel. Myers v Dalsheim,* 97 AD2d 447, *lv denied* 61 NY2d 601). Although the record does not identify each of the issues that defendant raised on his direct appeal of the judgment of conviction, defendant had the opportunity to advance the present contentions at that time. Moreover, the facts of this case do not "indicate a violation of petitioner['s] fundamental constitutional rights such as to warrant a departure from the traditional orderly procedure" *(People ex rel. Thomas v LeFevre,* 102 AD2d 925; *see also, People ex rel. Keitt v McMann,* 18 NY2d 257; *cf., People ex rel. Culhane v Sullivan,* 139 AD2d 315, 317-318). (Appeal from judgment of Supreme Court, Wyoming County, Dadd, J.—habeas corpus.) Present—Dillon, P. J., Callahan, Balio, Lawton and Davis, JJ.