■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. MARCELO RODRIGUEZ, Appellant, v ROBERT HOKE, as Superintendent of Eastern New York Correctional Facility, Respondent.
—Weiss, J. Appeal from a judgment of the Supreme Court (Torraca, J.), entered January 25, 1990 in Ulster County, which, *inter alia,* denied petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.

On August 5, 1976, petitioner was convicted after trial of four counts of murder in the second degree and one count of robbery in the first degree arising out of a double murder at, and a robbery of, a supermarket which occurred on July 21, 1975. On appeal the conviction was affirmed *(People v Rodriguez,* 67 AD2d 837, *lv denied* 46 NY2d 1084). In June 1989, petitioner made the instant application for a writ of habeas corpus alleging that the standard for custodial interrogation by police was retroactively changed by *Dunaway v New York* (442 US 200) from reasonable suspicion *(see, People v Morales,* 22 NY2d 55) to the higher standard of probable cause. Supreme Court denied the application concluding that such an error should have been raised on defendant's direct appeal or in a postconviction CPL article 440 motion. The court held that *Dunaway v New York (supra)* was effective retroactively only on direct appeals, and that petitioner failed to comply with CPLR 7002 (c) (6) by identifying his other applications for writs of habeas corpus. We affirm.

Habeas corpus is not an appropriate remedy to raise issues which were or could have been advanced on direct appeal or in a CPL article 440 motion *(People ex rel. Best v Kuhlmann,* 151 AD2d 937; *People ex rel. Rosado v Miles,* 138 AD2d 808). The facts alleged herein were known and were asserted at trial, and to the extent that petitioner's appellate process had not been exhausted* at the time *Dunaway v New York (supra)* was handed down, were not raised *(see, People v Cappiello* 85 AD2d 608, *lv denied* 56 NY2d 595). Moreover petitioner does not now allege that the lower standard was applied in his case, but rather contends that the County Court did not apply the reasonable suspicion standard and did apply a standard

---

* Petitioner did not seek further appellate review or relief after his leave to appeal was denied even while there remained time to do so after *Dunaway v New York (supra)* was handed down.

higher than subsequently required by *Dunaway v New York (supra)*. Petitioner contends this deprived him of the opportunity to litigate his claim, and accordingly deprived him of his US Constitution 4th Amendment rights. We disagree. The application of the higher standard in this case jealously safeguarded petitioner's constitutional rights and petitioner was not prejudiced thereby. Moreover, petitioner's application was properly dismissed because it failed to comply with CPLR 7002 (c) (6) *(see, Matter of Tullis v Kelly*, 154 AD2d 926) and in any event would not have resulted in petitioner's immediate release *(see, People ex rel. Kaplan v Commissioner of Correction of City of N. Y.*, 60 NY2d 648; *see also, People v Coleman*, 56 NY2d 669).

Judgment affirmed, without costs. Casey, J. P., Weiss, Levine, Mercure and Harvey, JJ., concur.