■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. LOWELL FINKELSTEIN, Appellant, v ROBERT KUHLMANN, as Superintendent of Sullivan Correctional Facility, Respondent.—Levine, J. P. Appeal from a judgment of the Supreme Court (Williams, J.), entered June 26, 1991 in Sullivan County, which, *inter alia,* dismissed petitioner's application, in a proceeding pursuant to CPLR article 70, without a hearing.

Petitioner was indicted on two counts of murder in the second degree charging him with intentionally causing the death of another person *(see,* Penal Law § 125.25 [1]) and causing the death of another person by reckless conduct creating a grave risk of death under circumstances evincing a depraved indifference to human life *(see,* Penal Law § 125.25 [2]). Following a nonjury trial, County Court acquitted petitioner of both murder counts, but convicted him of the lesser included offenses of manslaughter in the first degree *(see,* Penal Law § 125.20 [1]) and manslaughter in the second degree *(see,* Penal Law § 125.15 [1]). Petitioner was sentenced to concurrent indeterminate prison terms of 8 to 24 years for first degree manslaughter and 5 to 15 years for second degree manslaughter.

Petitioner then appealed his conviction to the First Department claiming that County Court's verdicts were inconsistent *(see, People v Finkelstein,* 144 AD2d 250, *lv denied* 73 NY2d 921). Relying on *People v Gallagher* (69 NY2d 525), petitioner argued that he could not properly be convicted of two contradictory manslaughter charges with respect to a single homicide and that County Court erred in failing to consider the inconsistent murder counts contained in the indictment only in the alternative. The People opposed the appeal on the ground that, *inter alia,* petitioner's repugnancy claim had not been preserved at trial by way of a proper objection. Exercising its authority to review petitioner's claim of error in the interest of justice, the First Department reversed the conviction for manslaughter in the second degree, vacated the sentence imposed thereon and dismissed the second count of the indictment *(see, People v Finkelstein, supra).* In petitioner's subsequent unsuccessful application for leave to appeal to the Court of Appeals, he urged that the First Department erred in upholding one of the two verdicts rather than granting him a new trial (citing, *inter alia, People v Gallagher, supra,* at 530).

Thereafter, petitioner, who is currently incarcerated at

Sullivan Correctional Facility in Sullivan County, commenced this CPLR article 70 proceeding seeking a writ of habeas corpus, again alleging that County Court's verdicts were inconsistent and that, as a result, he had been deprived of his constitutional right to due process. Supreme Court ultimately dismissed the petition and this appeal ensued.

In our view, Supreme Court correctly dismissed the petition. It is firmly established that a writ of habeas corpus may not be utilized to review claimed errors already passed on in an earlier appeal *(see, People ex rel. Schaurer v Fogg,* 92 AD2d 647, 648; *People ex rel. Gaines v Jones,* 79 AD2d 1065; *People ex rel. Knox v Smith,* 60 AD2d 789, *lv denied* 43 NY2d 647). Here, petitioner's unpreserved claim of error regarding County Court's verdicts was reviewed in the interest of justice and disposed of on direct appeal by the First Department. The claimed error of the First Department in failing to order a new trial was then the subject of petitioner's leave application to the Court of Appeals, which was denied. Furthermore, because petitioner did not preserve his repugnancy claim by voicing an objection at the time the verdicts were announced, so that the trier of fact could have responded by rendering a valid verdict, we cannot conclude that a violation of petitioner's rights approaching constitutional dimension has occurred so as to warrant a departure from traditional orderly procedure *(see, People ex rel. Keitt v McMann,* 18 NY2d 257, 262; *People ex rel. Hall v LeFevre,* 92 AD2d 956, 957, *affd* 60 NY2d 579; *People ex rel. Schaurer v Fogg, supra,* at 648).

Mercure, Mahoney and Casey, JJ., concur. Ordered that the judgment is affirmed, without costs.