■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. MICHAEL QUARTARARO, Appellant, v JOSEPH DEMSKIE, as Superintendent of Woodburne Correctional Facility, et al., Respondents. [656 NYS2d 451] —Crew III, J. Appeal from a judgment of the Supreme Court (Kane, J.), entered August 22, 1996 in Sullivan County, which dismissed petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.

In 1981, petitioner was convicted of murder in the second degree and was sentenced, as a juvenile offender, to an indeterminate term of imprisonment of nine years to life. Petitioner challenged his conviction in a Federal habeas corpus proceeding and, in 1988, was granted a new trial on the ground of ineffective assistance of counsel (*Quartararo v Fogg*, 679 F Supp

212, *affd* 849 F2d 1467). He was retried in March 1990 and again convicted of murder in the second degree and sentenced to a term of nine years to life, which conviction was affirmed (*see, People v Quartararo*, 200 AD2d 160, *lv denied* 84 NY2d 939).

In 1992, petitioner appeared before respondent Board of Parole, which denied his request for parole. Petitioner thereafter commenced a CPLR article 78 proceeding challenging that determination, as the result of which Supreme Court ordered a de novo hearing (*see, Matter of Quartararo v New York State Div. of Parole*, Sup Ct, NY County, Jan. 31, 1994, Glen, J. [NYLJ, Feb. 17, 1994, at 25, col 5]). Following that hearing, after which parole was denied, petitioner commenced a second CPLR article 78 proceeding. Supreme Court (Glen, J.) again found the hearing to have been flawed, annulled the determination and ordered petitioner released on parole. On appeal, the First Department modified and remitted the matter for a de novo hearing before a different Board panel (*see, Matter of Quartararo v New York State Div. of Parole*, 224 AD2d 266, *lv denied* 88 NY2d 805).

Thereafter, the Board held three additional hearings to rectify the errors identified in the second CPLR article 78 proceeding. Prior to the conclusion of said hearings petitioner, in April 1996, commenced this habeas corpus proceeding pursuant to CPLR article 70 asserting various constitutional and statutory violations and claiming, *inter alia*, that the only obstacle to his release was respondents' refusal to afford him a lawful hearing. Supreme Court dismissed the petition and this appeal followed.

It is axiomatic that the remedy of habeas corpus is available in New York only if the relator would be entitled to immediate release were he or she to prevail (*see, e.g., People ex rel. Rodriguez v Hoke*, 166 AD2d 767, 768, *lv denied* 77 NY2d 804, *cert denied* 502 US 847). Inasmuch as parole decisions are discretionary and prisoners have no right to such release prior to the expiration of their sentences (*see, e.g., Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 75), denial of parole may not be challenged by way of habeas corpus.

Petitioner next contends that Supreme Court committed reversible error by denying him leave to amend his petition to include certain errors allegedly made at the hearings conducted in this matter in April 1996, May 1996 and June 1996. We disagree. It is clear that habeas corpus relief does not lie where there are other procedures available for review of the challenged error (*see, People ex rel. Keitt v McMann*, 18 NY2d 257,

262). Inasmuch as petitioner is entitled to administrative review of the Board's determination, as well as judicial review pursuant to CPLR article 78, Supreme Court properly denied his request to amend his petition. We have reviewed petitioner's remaining contentions and find them to be equally without merit.

Mikoll, J. P., Mercure, White and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.