People ex rel. Wayne C.J. v McCulloch (2022 NY Slip Op 01625)





People v Mcculloch


2022 NY Slip Op 01625


Decided on March 11, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 11, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., NEMOYER, CURRAN, WINSLOW, AND BANNISTER, JJ.


5 KAH 20-01156

[*1]THE PEOPLE OF THE STATE OF NEW YORK EX REL. WAYNE C.J., PETITIONER-APPELLANT,
v
DEBORAH MCCULLOCH, EXECUTIVE DIRECTOR, CENTRAL NEW YORK PSYCHIATRIC CENTER, RESPONDENT-RESPONDENT. (APPEAL NO. 1.) 






KATHRYN F. HARTNETT, UTICA, FOR PETITIONER-APPELLANT. 
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (LAURA ETLINGER OF COUNSEL), FOR RESPONDENT-RESPONDENT. 


 Appeal from a judgment (denominated order) of the Supreme Court, Oneida County (Gerard J. Neri, J.), entered June 22, 2020 in a habeas corpus proceeding. The judgment denied the petition. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner commenced this proceeding seeking habeas corpus relief with respect to his civil commitment to Central New York Psychiatric Center pursuant to Mental Hygiene Law article 10. In appeal No. 1, petitioner appeals from a judgment denying his petition. In appeal No. 2, petitioner appeals from an order denying his motion for leave to reargue his petition.
In appeal No. 1, petitioner challenges the initiation of the Mental Hygiene Law article 10 proceeding against him and the use of certain evidence at that proceeding. We reject that challenge and agree with Supreme Court that " 'the article 10 proceeding itself is the proper forum for petitioner to challenge the validity of the . . . underlying article 10 petition' " and proceeding (People ex rel. Charles B. v McCulloch, 155 AD3d 1559, 1561 [4th Dept 2017], lv denied 31 NY3d 906 [2018]). Thus, habeas corpus relief does not lie (see People ex rel. Quartararo v Demskie, 238 AD2d 792, 793-794 [3d Dept 1997], lv denied 90 NY2d 802 [1997]).
With respect to appeal No. 2, we dismiss petitioner's appeal because no appeal lies from an order denying leave to reargue (see
Empire Ins. Co. v Food City, 167 AD2d 983, 984 [4th Dept 1990]).
Entered: March 11, 2022
Ann Dillon Flynn
Clerk of the Court