In the Matter of the Claim of CORNELIUS LIPSKY, Respondent. LOUIS L. LEVINE, as Industrial Commissioner, Appellant.

Third Department, March 28, 1974.

*Louis J. Lefkowitz, Attorney-General* (*Irving Jorrisch, Samuel A. Hirshowitz* and *Murray Sylvester* of counsel), for appellant.

*Stephen D. Smyk* for respondent.

MAIN, J. This is an appeal by the Industrial Commissioner from a decision of the Unemployment Insurance Appeal Board,

filed February 16, 1972, which ruled that claimant's benefit rate should not be reduced, pursuant to section 600 of the Labor Law.

Claimant had worked as a general office clerk for Burnham & Company for 18 years when, on May 29, 1970, his employment was terminated. Shortly thereafter, he applied for and received benefits under a retirement plan financed solely by his employer. Entitled under the plan to a monthly payment of $201.38 for the balance of his life, he opted instead for a lump sum of $27,800. The commissioner valued this lump sum at the monthly rate of $201.38 and, pursuant to section 600 of the Labor Law, sought to reduce claimant's weekly unemployment benefits from $65 to $19. The board, however, finding that claimant's employment was terminated for reasons other than retirement and that claimant had not intended to retire from either his employment or active work, held this section of the law to be inapposite and ruled that claimant's unemployment benefits were not subject to the $46 weekly reduction.

On appeal, the commissioner challenges this result and argues that, since claimant was in fact " retired " by his employer and, as a result, is receiving retirement benefits, the reduction in his unemployment benefits is justified and should be affirmed. We agree.

Section 600 of the Labor Law is clearly applicable to the facts of this case. It provides that, where a " claimant retires or is retired " by his employer and, " due to such retirement, is receiving a pension or retirement payment " under an employer-financed plan, his unemployment benefit rate should be reduced in a specified manner. In the instant case, not only does claimant concede in his application for unemployment benefits that the reason for his loss of employment was " involuntary retirement," but, furthermore, benefits were payable to him under his employer's plan only upon his retirement. Thus, to have received his lump sum award, claimant must have been, in the words of the statute, " retired from employment," his intentions as to possible future employment notwithstanding.

We would further note that our decision here is compatible with and supportive of the purpose for which section 600 of the Labor Law was enacted, in that we are avoiding the windfall that would result from a payment of unemployment benefits to a claimant who has retired on a pension from a private employer (N. Y. Legis. Annual, 1963, p. 370). Also, the board's reliance on *Matter of Guilfoyle (Catherwood)* (36 A D 2d 108, affd. 30 N Y 2d 784), in making its determination, is misplaced, since a finding that Guilfoyle was receiving benefits under his

employer's " Profit-Sharing Retirement Plan ", which provided benefits upon death, resignation, discharge or termination of his status as an eligible employee, in addition to retirement, was entirely consistent with a finding that he had not retired. Such is not the case here.

The decision should be reversed, without costs, and the matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent herewith.

HERLIHY, P. J. (dissenting). The record contains substantial evidence to support the finding of the board that on May 29, 1970 the claimant's employment was unilaterally terminated by the employer. As found by the board, there had been no retirement by the claimant as of the date his employment was terminated and his application for benefits under a so-called " retirement plan " was made on June 1, 1970 and the claimant did not retire within the meaning of section 600 of the Labor Law. (See *Matter of Guilfoyle* [*Catherwood*], 36 A D 2d 108, affd. 30 N Y 2d 784.) In this case the claimant had no vested right to any present benefits at the age of 62 and payments could only be made to him by the plan if the employer and/or the " Committee " deemed the payment of benefits " appropriate ". While early retirement benefits under the plan might be considered as retirement benefits and certainly would seem to be such in the case of an employee who voluntarily terminated his employment, in the case of a worker who is discharged or retired by the employer, the payments merely represent a possible gratuity covering the years until such employee would reach age 65 at which time under this plan he would be entitled to benefits. Since the record does not mandate the factual conclusion that the claimant either voluntarily retired or was retired by the employer, the nature of the benefits which he received under the contractual plan of the employer was one of fact for the board and its finding upon such issue should be conclusive.

The decision should be affirmed.

COOKE, SWEENEY and KANE, JJ., concur with MAIN, J.; HERLIHY, P. J., dissents and votes to affirm in a separate opinion.

Decision reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent herewith.