■ THE PEOPLE OF THE STATE OF NEW YORK ex rel, ROBERT A. KAGAN, Appellant, v J. EDWIN LA VALLEE, as Superintendent of Clinton Correctional Facility, Respondent.—Appeal from a judgment of the Supreme Court at Special Term, entered February 28, 1975 in Clinton County, which dismissed a writ of habeas corpus without a hearing. The application for writ of habeas corpus does not comply with article 70 of the CPLR and more particularly with the provisions of CPLR 7002 (subd [c]) thereof and is insufficient on its face. Judgment affirmed, without costs. Greenblott, J. P., Kane, Main, Larkin and Reynolds, JJ., concur.

■ In the Matter of the Claim of CARMINE GUZZI, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 25, 1974, which adopted a referee's decision sustaining the initial determination of the Industrial Commissioner that the claimant was disqualified from benefits upon the ground of misconduct. The claimant was discharged by the employer because he was absent from work on May 6 and May 7, 1974 after having been warned that his absenteeism was excessive. The warning to the claimant was to the effect that he had to have a better attendance record. The claimant contended that his last absence was due to circumstances beyond his control because of the illness of another family member. However, the record at most created a question of fact for the board as to the necessity for the absence and the finding that there was no compelling necessity for absence is supported by the claimant's testimony as to the family circumstance. Continued absence without a compelling reason after a warning by the employer is substantial evidence of misconduct. (Cf. *Matter of Rivera [Levine]*, 47 AD2d 569.) Decision affirmed, without costs. Herlihy, P. J., Sweeney, Koreman, Main and Reynolds, JJ., concur.

■ In the Matter of the Claim of PEARL MANHEIM, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 3, 1974, which reduced claimant's benefit rate from $75 to $34 a week effective August 15, 1973 through December 31, 1973 and from $75 to $31 a week effective January 1, 1974, pursuant to section 600 of the Labor Law. Claimant, a supply assistant, worked for the Department of the Army for 23 years until she involuntarily retired on June 30, 1973. The record reveals that she received a pension of some $366 a month and that the Federal employer contributed more than 50% towards the pension. The sole issue is whether claimant's benefits were properly reduced pursuant to section 600 of the Labor Law, resulting in overpayment to claimant. The board found that claimant's benefits were subject to reduction and that there was an overpayment in the sum of $1,364. The record substantiates this finding. *(Matter of Lipsky [Levine]*, 44 AD2d 95; *Matter of Flynn [Levine]*, 42 AD2d 662.) Decision affirmed, without costs. Herlihy, P. J., Sweeney, Koreman, Main and Reynolds, JJ., concur.