■ In the Matter of the Claim of ARLENE STARR, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 1, 1975, which affirmed the decision of a referee sustaining the initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits effective February 25, 1975 because she refused employment without good cause. The record establishes that claimant had refused referrals to prospective employers for jobs for which she was fitted by training and experience for personal reasons which were not compelling under the law. The board's finding to that effect is supported by substantial evidence and must be affirmed *(Matter of Drejza [Levine]*, 42 AD2d 659). In view of this conclusion by the board, it was unnecessary to decide the issue of unavailability. Decision affirmed, without costs. Herlihy, P. J., Sweeney, Kane, Koreman and Larkin, JJ., concur.

■ In the Matter of the Claim of MARTIN H. TINSLEY, Appellant. BLUE CROSS OF CENTRAL NEW YORK, Respondent. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 13, 1975, which affirmed a reduction of claimant's benefit rate because the claimant was in receipt of a pension under a noncontributory plan. Claimant, on retirement from Blue Cross of Central New York, elected to receive his pension benefits in a lump sum payment. Thereafter he applied for unemployment insurance benefits and it was determined by the board that he had received his pension payment under a retirement plan financed wholly by the employer. Consequently, claimant's benefit rate was reduced by the pro rata weekly amount of his retirement payments (Labor Law, § 600). The board, in affirming the prior determination and adopting the findings of fact in the opinion of the referee, determined that the evidence did not support the claimant's contention that his employer was not the sole contributor to the retirement fund. Claimant alleged that Blue Cross is a contributor to the National Retirement Collective Trust and thus his pension benefits are being paid into a single plan by various employers. The record indicates, however, that Blue Cross of Central New York participates in a collective trust, in which many different corporations participate as separate entities, with the assets of each separately maintained so that each corporation has a separate identity. Participating corporations are responsible only for their own employees and have no responsibility for liabilities incurred by other members. Such testimony amply supports the determination of the board that each employer is the sole contributor to the pension trust and that Blue Cross of Central New York was the sole contributor to the claimant's pension. Decision affirmed, without costs. Herlihy, P. J., Sweeney, Kane, Koreman and Larkin, JJ., concur.