■ In the Matter of the Claim of ALBERT F. RIVAS, Appellant. PHILIP Ross, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 15, 1976. The claimant worked for the Emigrant Savings Bank for 40 years until December 31, 1974 when he voluntarily retired and began receiving a monthly pension of $540 per month. The bank was the sole contributor to the pension fund. During 1975 the claimant took a job from another employer, but he was laid off (for nondisqualifying reasons) after six weeks. He thereupon applied for and received unemployment insurance benefits totaling $760 (covering the period from November 24, 1975 through January 18, 1976). Benefits were terminated on January 18, 1976 when the unemployment office became aware of the pension payments. The $760 unemployment benefits were initially deemed recoverable, but the appeal board has now found the payments not recoverable. The claimant appeals from that portion of the board's decision which holds that, pursuant to section 600 of the Labor Law, the pension benefits earned while working for the Emigrant Savings Bank reduce the claimant's benefit rate to zero. Subdivision 1 of section 600 provides that: "If a claimant retires * * * from employment by an employer and, due to such retirement, is receiving a pension * * * financed in whole or in part by such employer, such claimant's benefit rate

[shall be reduced in proportion to the amount of the pension]." The claimant contends that this section does not apply to him since he is claiming unemployment benefits as a result of losing work which he undertook after separating from the bank. Thus, he urges, the bank pension he receives should have no bearing on his present unemployment benefits. This argument has force only to the extent that the liability for the claimant's unemployment benefits is chargeable to the second employer (for whom the claimant worked for a total of six weeks). Subdivision 2 of section 600 states that the unemployment benefit reduction "shall apply only to benefits which when paid *will be chargeable to the account of the employer who provided the pension * * * benefit."* (Emphasis added.) An employer's obligation to contribute to the Unemployment Insurance Fund is dependent, in part, on its "experience rating". The greater the number of employees who lose (under nondisqualifying conditions) their employment with a particular employer, the greater that employer's liability to the fund. (See Labor Law, § 581.) When the employee has worked for a series of employers—"Benefits payable to any claimant * * * shall be charged * * * to the account of each * * * employer in inverse chronological order of the claimant's most recent date of * * * employment * * * at the rate of four effective days for each week of employment which the claimant had with each one of such employers" (Labor Law, § 581, subd 1, par [e]). Thus, the experience rating account of claimant's second employer (for whom he worked only six weeks) has been fully debited by the eight weeks of benefits already paid to claimant. Any further benefits would be charged against the account of the Emigrant Savings Bank. Thus, the benefits sought by claimant would be "chargeable to the account of the employer who provided the pension" (Labor Law, § 600, subd 2). The decision of the Unemployment Insurance Appeal Board, in finding that section 600 mandates reducing claimant's benefit rate, is consistent with both the letter and the purpose of the statute (see *Matter of Lipsky [Levine],* 44 AD2d 95, 96, affd 36 NY2d 947) and must be affirmed. Decision affirmed, without costs. Mahoney, P. J., Greenblott, Sweeney, Kane and Mikoll, JJ., concur.