■ In the Matter of the Claim of THOMAS P. RICHMOND, Appellant. LILLIAN ROBERTS, as Commissioner of Labor, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 18, 1982, which reduced claimant's benefit rate to zero effective July 1, 1982. Claimant was involuntarily retired from his position as purchasing manager of Hanna Furnace Corporation after 32 years of service, effective July 1, 1982. Pursuant to the employer's retirement program, he received a lump-sum "special payment" of $8,112.77 for the period July 1 to September 30, 1982 and thereafter received monthly "regular pension" benefits. Since claimant had withdrawn all previous contributions, the pension was entirely noncontributory upon retirement. The board determined that both the "special payment" and regular pension benefits fell within the scope of subdivision 7 of section 600 of the

Labor Law and effectively reduced his unemployment insurance benefit rate to zero. On this appeal, claimant challenges only that part of the board's determination which applies the pension offset provision to the "special payment" received during the first three months of retirement. There should be an affirmance. Section 600 (subd 7, par [a]) of the Labor Law expressly extends to "a governmental or other pension, retirement or retired pay, annuity, or any other similar periodic payment which is based on [claimant's] previous work". Here, the employer's retirement program provides two distinct types of payments: "special payments" pursuant to paragraph 2.1 (generally consisting of a lump sum equal to 13 weeks of vacation pay less any vacation pay received during the year of retirement) and "regular pension" benefits pursuant to paragraph 2.2. The employer's representative testified that these payments are structured to provide a lump-sum payment during the first three months of retirement equivalent to 69% of an eligible employee's average salary to "ease people into retirement", followed by the "regular pension" monthly payments of about 37% of the employee's average salary. Clearly, the "special payment" set forth in paragraph 2.1 constitutes a crucial feature of the employer's retirement program and thus a rational basis exists for the board's inclusion of such payments within the scope of subdivision 7 of section 600 of the Labor Law. That the "special payment" consists of a lump-sum payment is not determinative (see *Matter of Tinsley [Blue Cross of Cent. N. Y. — Levine,* 50 AD2d 961; *Matter of Lipsky [Levine]*, 44 AD2d 95, affd 36 NY2d 947). Accordingly, the board's decision should be affirmed. Decision affirmed, without costs. Sweeney, J. P., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.