■ In the Matter of the Claim of ANTONIO MARENO, Appellant, v LILLIAN ROBERTS, as Commissioner of Labor, Respondent.—Harvey, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 22, 1984, which ruled that claimant's benefit rate be reduced to zero pursuant to the provisions of Labor Law § 600 (7) and charged him with a recoverable overpayment of benefits.

Claimant, an attorney formerly employed by the Federal judicial system, was involuntarily retired in February 1983. He then filed a claim for unemployment benefits which was effective February 21, 1983. The claim was allowed and unemployment benefits were paid at the rate of $125 a week beginning with February 21, 1983.

He also filed a claim for a Federal civil service annuity based upon years of service and earnings. That claim was also allowed and claimant received Federal civil service benefits retroactive to February 17, 1983 at a monthly rate of $1,618.79. Claimant was advised that since his contribution to the Federal civil service annuity was less than the amount contributed by his Federal employer, his unemployment benefits were subject to reduction or offset pursuant to the provisions of Labor Law § 600 (7). The net result was a reduction of claimant's unemployment benefits to zero and a finding that claimant was overpaid $4,062.50. That determination was affirmed by the Unemployment Insurance Appeal Board. Claimant now appeals and raises the single issue that the offset of his unemployment benefits required by the provisions of Labor Law § 600 (7) should not be applied to reduce any of the unemployment benefits prior to the date that he actually received his first Federal civil service annuity payment. We disagree.

Since claimant's Federal civil service annuity contributions were on a shared basis with the Federal Government contributing in excess of 50%, claimant's unemployment benefits were subject to the reduction set forth in Labor Law § 600 (7) (b) (Matter of Richmond [Roberts], 96 AD2d 1132; Matter of Manheim [Levine], 49 AD2d 986).

Pursuant to Labor Law § 600 (7) (c), claimant was provision-

ally eligible to receive unemployment benefits during the period while his claim for Federal civil service annuity benefits was pending adjudication. The award was subject to any subsequent determination of Federal benefits. Since claimant became entitled to Federal civil service annuity payments prior to the date of his actual entitlement to unemployment benefits, all of the unemployment benefits received were subject to the applicable offset. The fact that the first payment of the civil service annuity was in a lump-sum amount retroactive to the date of entitlement does not change this result (Labor Law § 597 [4]; § 600 (7) (c); *Matter of Richmond [Roberts], supra).*

Decision affirmed, without costs. Mahoney, P. J., Kane, Main, Levine and Harvey, JJ., concur.