■ In the Matter of the Claim of LENNY ROGERS, Appellant. THOMAS F. HARTNETT, as Commissioner of Labor, Respondent. —Casey, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 18, 1987, which reduced claimant's unemployment insurance benefits and charged him with a recoverable overpayment of benefits.

Claimant had worked for Steven Scott Enterprises for approximately 18 years until December 21, 1986. He was discharged on that date based on an employment contractual agreement requiring all employees to retire upon their 65th birthday. Although claimant had not contributed to the employer's pension plan, he became entitled to a lump-sum pension of $90,000 or monthly installment payments of $664.67. Claimant intended to collect his pension in a lump sum, but was unable to do so because the pension payments were held up by a divorce action brought by his wife. Having received no pension payments and being unemployed, claimant, on December 31, 1986, filed for unemployment insurance benefits. He received benefits at the rate of $180 per week. When the Department of Labor discovered claimant's entitlement to a pension, it reduced his benefits to $27 per week and ordered repayment of $1,629, representing the excess payments that claimant had already received.

Upon claimant's administrative appeal, the Administrative Law Judge decided that claimant's benefit rate could not be

reduced by the amount of his pension, since claimant had not received a pension payment and that, therefore, claimant had not been overpaid. The Unemployment Insurance Appeal Board reversed on the Commissioner of Labor's appeal, holding that claimant's "entitlement" to his pension benefits was all that was required to trigger the provisions of Labor Law § 600 (7) (a), which requires reduction in unemployment insurance benefits when a claimant "is receiving" a pension.

One of the trustees for claimant's pension plan testified that claimant is not eligible to receive his pension until the pending divorce is settled, and under Federal law claimant's entitlement to his pension and the amount thereof may be affected by the court order issued in the pending divorce action *(see,* 29 USC § 1056 [d] [3]). In these circumstances the applicable statutory provision is Labor Law § 600 (7) (c), which makes a claimant conditionally eligible for unemployment insurance benefits while litigation that can affect his pension is pending *(see, Matter of Mareno v Roberts,* 113 AD2d 987, *appeal dismissed* 67 NY2d 1004, *cert denied* 479 US 878). The Board's decision must, therefore, be reversed and the matter remitted for reconsideration in light of the appropriate statute.

Decision reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this court's decision. Mahoney, P. J., Kane, Casey, Weiss and Mikoll, JJ., concur.