■ In the Matter of the Claim of LENNY ROGERS, Appellant. THOMAS F. HARTNETT, as Commissioner of Labor, Respondent. —Harvey, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 2, 1989, which reduced claimant's unemployment insurance benefits and charged him with a recoverable overpayment of benefits.

The facts in this case are set forth in this court's prior decision in this matter (143 AD2d 496). In that decision, we reversed a determination of the Unemployment Insurance Appeal Board reducing claimant's unemployment insurance benefits and charging him with a recoverable overpayment of benefits. The basis for this reversal was our conclusion that claimant was conditionally eligible for benefits while divorce litigation that could affect his pension was pending *(see,* Labor Law § 600 [7] [c]). Accordingly, we remitted the matter to the Board for further proceedings. Upon remittal, the Board held a further hearing wherein it was established that claimant's divorce litigation had been finalized. Under the terms of the property settlement, claimant received the entire pension and his wife received no portion of it. With these facts established, the Board again reversed upon the Commissioner of Labor's appeal, reduced claimant's benefits and ordered payment of

the excess payments claimant had already received. Claimant now appeals.

We affirm. Claimant's benefits were conditional and subject to a possible offset in the event he received any or all of his pension *(see, Matter of Mareno v Roberts,* 113 AD2d 987, *appeal dismissed* 67 NY2d 1004, *cert denied* 479 US 878). Since claimant did in fact ultimately receive his pension, claimant's benefit rate was unquestionably subject to reduction pursuant to Labor Law § 600 (7) (b). Although claimant's principal contention on appeal is that it is somehow unfair to request that he reimburse the excess benefits he received, we perceive no inequity. The amount to be reimbursed represents funds that claimant unquestionably would not have been entitled to had he received his entire pension when he first became eligible. The mere passage of time due to the divorce proceedings does not entitle him to a greater benefit rate as claimant suggests.

Decision affirmed, without costs. Mahoney, P. J., Yesawich, Jr., Levine, Mercure and Harvey, JJ., concur.