■ In the Matter of the Claim of HARRIET BUSMAN, Appellant. THOMAS F. HARTNETT, as Commissioner of Labor, Respondent.—Casey, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 6, 1990, which reduced claimant's unemployment insurance benefits pursuant to Labor Law § 600 (7) and charged her with a recoverable overpayment of benefits.

In 1982, claimant's employer established simplified employee pension individual retirement accounts (hereinafter SEP-IRA) pursuant to Internal Revenue Code § 408 (k) (26 USC § 408 [k]), which the employer funded totally. The trustee bank estimated that the employer's contributions, on behalf of claimant, with interest, were about $46,600 in May 1989 and that the sum was equivalent to a monthly annuity of $344.37. Claimant's employment ended at that time under nondisqualifying circumstances and she was then 62 years old. She was free to withdraw the funds of her retirement account as long as she included the withdrawals in her taxable income. Claimant chose not to do so. In October 1989, claimant received a

lump-sum distribution from the SEP-IRA and rolled over these funds into an individual retirement account that she had previously established and funded with contributions of her own.

The Unemployment Insurance Appeal Board adopted the findings of fact and opinion of the Administrative Law Judge, who decided that claimant's unemployment insurance benefits were subject to a pension reduction effective May 22, 1989, and that she had been overpaid $1,106 which was ruled recoverable. The Board further concluded that the pension reduction provisions of Labor Law § 600 (7) apply to a SEP-IRA established pursuant to Internal Revenue Code § 408 (k). Claimant claims that this decision is erroneous because she did not intend to retire and was seeking other employment, and because she had not yet spent any part of the lump-sum distribution from the SEP-IRA, but rather had rolled her withdrawal over into an individual retirement account.

Labor Law § 600 (7) provides for reduction in a claimant's unemployment benefits by the "pro rata weekly amount of his retirement payments" *(Matter of Tinsley [Blue Cross—Levine],* 50 AD2d 961). Inasmuch as this claimant was eligible to withdraw the pension funds without penalty, her own desire not to do so does not render the pension reduction provisions of Labor Law § 600 inapplicable or premature *(see, Matter of Swaybill [Catherwood],* 35 AD2d 752, 753). Further, the Board correctly held the benefit overpayment to be recoverable *(see,* Labor Law § 600 [7] [c]; *Matter of Rogers [Hartnett],* 165 AD2d 939).

Decision affirmed without costs. Mahoney, P. J., Casey, Weiss, Levine and Harvey, JJ., concur.