■ In the Matter of the Claim of WILLIAM A. SCHIAVO, Appellant. COMMISSIONER OF LABOR, Respondent. [967 NYS2d 778]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 24, 2012, which reduced claimant's benefit rate pursuant to Labor Law § 600 (7).

Claimant, a member of Teamsters Local 456 for over 50 years, began to receive pension income in 2007 when he turned 70½, although he continued to work. He was then laid off in December 2010 and thereafter sought unemployment insurance benefits. Based upon claimant's receipt of pension income, his unemployment insurance benefits were reduced to zero pursuant to Labor Law § 600 (7). Following a hearing, the Administrative Law Judge determined that claimant's benefits were properly reduced based upon his pension income, and the Unemployment Insurance Appeal Board upheld the determination on review. Claimant now appeals.

Claimant argues that, because he is ready, willing and able to work and only receives the pension income as a mandatory distribution based upon his age, Labor Law § 600 (7) is either inapplicable to his situation or unconstitutional as applied. We disagree and adhere to our previous decisions recognizing that this section is valid, as the reduction of unemployment benefits of workers eligible to receive income from an employer-funded pension is "rational and bears a direct relationship to the

underlying purpose of the [u]nemployment [i]nsurance [l]aw, which is to provide income to unemployed workers who are without earned income" (*Matter of Liss [Ross]*, 80 AD2d 716, 716 [1981]; *accord Matter of Gold [Commissioner of Labor]*, 282 AD2d 855, 855 [2001]; *Matter of De Voe [Hudacs]*, 193 AD2d 1042, 1042 [1993]; *see Matter of Busman [Hartnett]*, 172 AD2d 939, 940 [1991]).

Rose, J.P., Stein, McCarthy and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.