■ In the Matter of GEORGE KING et al., Appellants, v RICHARD GREGORIE et al., Respondents. — Appeal from an order of the Supreme Court at Special Term (Viscardi, J.), entered November 30, 1981 in Clinton County, which denied petitioners' application for an order to show cause to commence a proceeding against respondents pursuant to CPLR article 78. Petitioners herein sought to commence an article 78 proceeding through the means of an order to show cause, rather than by regular service of notice and petition. Special Term denied their application for an order to show cause on the ground that they failed to allege facts establishing that they had exhausted their administrative remedies. Initially, we address the issue raised by respondents' motion to dismiss the appeal, which we earlier denied without prejudice to renewal upon argument of the appeal (*Matter of King v Gregorie,* 89 AD2d 935). Since petitioners did not commence this proceeding by regular service of notice and petition and since, in denying their application for an order to show cause, Special Term did not authorize any alternative means of service, this proceeding was never commenced (*Matter of Jarvis v Coughlin,* 88 AD2d 1041). There being no proceeding then pending, the service by mail of the application and the unsigned order to show cause upon the Attorney-General had no legal effect, either to commence the proceeding or to convert petitioners' application from one for an ex parte order to that of a motion on notice. Thus at this juncture we have before us nothing more than an order denying a motion for an ex parte order, which, under settled law, is not appealable (CPLR 5701, subd [a], par 2; *Matter of Montgomery v LeFevre,* 87 AD2d 904; *Matter of Harris v New York State Bd. of Parole,* 7 AD2d 662; 7 Weinstein-Korn-Miller, NY Civ Prac, par 5701.06). Our decision in any prior cases wherein it may appear that we determined the appeal on the merits in a situation similar to that posed herein may be attributed to the absence of any jurisdictional objection by the respondents (see, e.g., *Matter of Hall v LeFevre,* 84 AD2d 622). While it is, therefore, necessary for us to grant the motion to dismiss the appeal, this does not compel the conclusion that petitioners should be completely remediless to obtain review of Special Term's denial of the application. The Attorney-

General commendably has acknowledged that inmates in State correctional facilities, because of indigency, are unlikely to be able to bring on their proceedings by ordinary notice of petition if their appeal from a denial of an application for an order to show cause is simply dismissed, even without prejudice. For this reason, we shall exercise our authority under CPLR 5704 (subd [a]) to review lower court dispositions of applications for ex parte orders. Additionally, in view of the foregoing considerations, and to promote orderly final determinations of prisoners' applications at Special Term and upon appellate review, we suggest that Special Term grant such orders to show cause unless the application is patently frivolous or without merit, so that a determination generally can be made after receiving the respondent's answer. Turning to the merits then, we hold that Special Term was correct in denying petitioners' application. Petitioners had the right to appeal from the dispositions at the superintendent's hearing to the Commissioner of Correctional Services (7 NYCRR 253.6 [b]). Not only was there absent from petitioners' application any averment that this administrative remedy was exhausted, but in fact their application, initiated only one day following the hearing, demonstrates to the contrary. Clearly, then, under no circumstances could they have prevailed in this article 78 proceeding (see *Matter of Patterson v Smith*, 53 NY2d 98). Motion to dismiss appeal granted, without costs; application, pursuant to CPLR 5704 (subd [a]), denied. Sweeney, J. P., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.