Werner Paul Kuhn, suspended as an attorney and counselor at law until he shall have complied with the order of this court dated April 18, 1983, and until further order of the court. Order entered. Sweeney, J. P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.

(June 21, 1983)

■ In the Matter of WILLIAM A. GRATTAN, as Commissioner of Health, Albany County Health Department, Appellant, v DISTRICT ATTORNEY OF COUNTY OF ALBANY, Respondent. — Motion for stay pending appeal denied, without costs, as unnecessary since upon filing a notice of appeal, appellant became entitled to an automatic stay (CPLR 5519, subd [a], par 1). Mahoney, P. J., Sweeney, Kane, Main and Weiss, JJ., concur.

■ In the Matter of SAMUEL L. SOMMER, Petitioner, v EUGENE S. LEFEVRE, as Superintendent of Clinton Correctional Facility, et al., Respondents. — Application for permission to proceed as a poor person, treated as an application pursuant to CPLR 5704 (subd [a]), denied (see *Matter of King v Gregorie,* 90 AD2d 922). Mahoney P. J., Sweeney, Kane, Weiss and Levine, JJ., concur.

■ In the Matter of SAMUEL L. SOMMER, Petitioner, v EUGENE S. LEFEVRE, as Superintendent of Clinton Correctional Facility, et al., Respondents. — Application for permission to proceed as a poor person, treated as an application pursuant to CPLR 5704 (subd [a]), denied (see *Matter of King v Gregorie,* 90 AD2d 922). Sweeney, P. J., Kane, Main, Weiss and Levine, JJ., concur.

(June 23, 1983)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD TIMMONS, Appellant. — Appeal from a judgment of the County Court of Albany County (Clyne, J.), rendered December 15, 1980, upon a verdict convicting defendant of the crimes of manslaughter in the first degree and murder in the second degree. On May 16, 1980, defendant was charged in an indictment with two counts of murder in the second degree and one count of robbery in the first degree, resulting from the stabbing death of one Leo White while committing robbery on or about April 11, 1978. Defendant's apprehension and arrest occurred on May 13, 1980 after the police obtained a statement from one Ronald Ballou, allegedly defendant's homosexual lover at the time of the crimes, who himself was under arrest and charged with unrelated crimes. The trial court decided not to submit the robbery count to the jury which, after trial, found defendant not guilty of the first count of murder, second degree (intentional murder), but found him guilty of manslaughter, first degree, and guilty on the second count of murder, second degree (felony murder). Defendant's first contention upon this appeal is that the court erred in denying a motion for mistrial upon the ground that two prosecution witnesses testified that Ballou had passed a polygraph examination. In both instances, objections were sustained and curative instructions promptly given and, in its charge, the trial court clearly instructed the jury that such evidence is not permitted and