■ In the Matter of KING DAVIS, Appellant, v THOMAS A. COUGHLIN, III, as Commissioner of the Department of Correctional Services, et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Cholakis, J.), entered February 25, 1982 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Commissioner of the Department of Correctional Services which sustained the decision of a superintendent's proceeding. Petitioner, an inmate at the Clinton Correctional Facility, served the following papers by mail on the Attorney-General and respondents Coughlin and Leonardo: a notice of petition and petition seeking review of respondents' determination pursuant to CPLR article 78; an application to proceed as a poor person; and an application for an order permitting alternative service. Respondents moved to dismiss for lack of personal jurisdiction due to improper service. Special Term granted respondents' motion and this appeal ensued. Special Term correctly dismissed the proceeding as jurisdictionally defective (see, e.g., *Matter of Jarvis v Coughlin*, 88 AD2d 1041). No specific mention was made by Special Term concerning petitioner's application for an order permitting an alternative means of service (see CPLR 308, subd 5). The judgment, however, states that "the petition is hereby dismissed and the relief requested is denied in all respects." Assuming that this is sufficient to encompass petitioner's application pursuant to CPLR 308 (subd 5), there must be a reversal of this part of the judgment. In *Matter of King v Gregorie* (90 AD2d 922, 922-923), we noted: "The Attorney-General commendably has acknowledged that inmates in State correctional facilities, because of indigency, are unlikely to be able to bring on their proceedings by ordinary notice of petition if their appeal from a denial of an application for an order to show cause is simply dismissed, even without prejudice. For this reason, we shall exercise our authority under CPLR 5704 (subd [a]) to review lower court dispositions of applications for ex parte orders. Additionally, in view of the foregoing considerations, and to promote orderly and final determinations of prisoners' applications at Special Term and upon appellate review, we suggest that Special Term grant such orders to show cause unless the application is patently frivolous or without merit, so that a determination generally can be made after receiving the respondent's answer." Petitioner's application alleges that the statutory methods of service are impractical due to his incarceration and his indigency. His petition alleges that he has pursued all administrative remedies and further alleges that the facts adduced at the hearing do not support respondents' determination. The merits of this latter allegation cannot be determined until respondents have answered and a transcript of the hearing has been filed. Since petitioner's application was not patently frivolous, it should not have been denied (*Matter of King v Gregorie,*

*supra*). The matter should be remitted to Special Term so that petitioner may submit an order to show cause authorizing commencement of the proceeding by service of the order and the petition on respondents by such means and upon such conditions as Special Term deems suitable. Petitioner shall have 20 days from entry of the order herein to submit his order to show cause to Special Term. Judgment modified, on the law and the facts, by reversing so much thereof as denied petitioner's application for an order authorizing an alternative means of service, matter remitted to Special Term for further proceedings not inconsistent herewith, and, as so modified, affirmed, without costs. Main, J. P., Casey, Yesawich, Jr., Weiss and Levine, JJ., concur.