■ In the Matter of TREVOR L. PHILLIPS, Appellant, v "JOHN DOE" McGANN, as Deputy Superintendent of Administration at Wallkill Correctional Facility, et al., Respondents. — Harvey, J. Appeal from a judgment of the Supreme Court at Special Term (Cobb, J.), entered June 19, 1984 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition for lack of personal jurisdiction.

Petitioner sought to commence a CPLR article 78 proceeding to vacate the determination at a disciplinary hearing, expunge all evidence thereof from his record and restore good time lost as a result of the decision. In an effort to commence the proceeding, he caused to be mailed to Supreme Court and respondents a group of papers apparently prepared by him without the assistance of counsel. The first paper was entitled "Notice of Petition Pursuant to CPLR article 78". However, the relief sought by the

notice was an order to show cause why the disciplinary determination should not be annulled. The second paper was entitled "Affidavit in Support of Order to Show Cause", which was an affidavit signed by petitioner setting forth factual statements ostensibly entitling him to the ultimate relief demanded. The third paper was a proposed "Order to Show Cause" leaving blanks to be filled in by the court in the event that a determination was made to grant the order to show cause.

Petitioner's affidavit of service is stamped by the Albany County Clerk indicating the filing of the papers on March 12, 1984. A handwritten notation on the affidavit of service indicates that a return date was established at the April 27, 1984 Special Term. On that date, Special Term dismissed the petition, finding that the court lacked jurisdiction over respondents because they had been served by ordinary mail.

Obviously the papers were inartfully drafted but, nevertheless, it is most apparent that petitioner was making an application for an order to show cause to commence his proceeding rather than seeking ultimate relief by notice of petition and petition. Special Term concluded that the papers constituted a notice of petition and petition and dismissed them for failure to personally serve respondents. An application for an order to show cause is ex parte and no notice is required to be given (10 Carmody-Wait 2d, NY Prac § 70.28). Had the show cause order been executed, Special Term could have prescribed the method of service of that order upon respondents (*see, Matter of Davis v Coughlin,* 96 AD2d 682).

The matter must be remitted to Special Term to accept petitioner's notice and supporting papers as an application for an order to show cause as of April 26, 1984 (*see, Matter of Hanson v Coughlin,* 103 AD2d 949; *Matter of King v Gregorie,* 90 AD2d 922, 922-923, *lv dismissed* 58 NY2d 822).

Judgment reversed, on the law, with costs, motion denied and matter remitted to Special Term for further proceedings not inconsistent herewith. Main, J. P., Weiss, Mikoll, Yesawich, Jr. and Harvey, JJ., concur.