(July 29, 1985)

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. C. JAMES LOMBARDI, JR., Petitioner, v EUGENE S. LEFEVRE, as Superintendent of Clinton Correctional Facility, Respondent.—Application, pursuant to CPLR 7002 (b) (2) for writ of habeas corpus denied. Main, J. P., Casey, Weiss, Yesawich, Jr., and Harvey, JJ., concur.

■ In the Matter of SAMMY BURNS, Petitioner, v THOMAS A. COUGHLIN, III, as Commissioner of the Department of Correctional Services, et al., Respondents.—Application, pursuant to CPLR 5704 (a), to review an order of the Supreme Court at Special Term which, in effect, denied petitioner's application for an order to show cause to commence a proceeding pursuant to CPLR article 78 challenging respondents' practice of debiting the account of an inmate in order to recover moneys expended on his behalf by the State for legal postage after the inmate exceeds his allowance of five free first class letters per week.

Application granted, order entered March 19, 1984 vacated and matter remitted to Special Term for the issuance of an order to show cause authorizing commencement of a proceeding by such service as Special Term deems appropriate. Based upon our review of the petition, we are of the opinion that it is not patently frivolous or without some merit (see, Matter of King v Gregorie, 90 AD2d 922, lv dismissed 58 NY2d 822). Mahoney, P. J., Kane, Main, Casey and Harvey, JJ., concur.

■ HARRISON J. SMITH, JR., Respondent, v JAMES SNIPE, as President of Security Unit Employees, Counsel 82, AFSCME, AFL-CIO, Appellant.—Motion for permission to appeal to the Court of Appeals granted, without costs. No issue of fact was considered by this court. Pursuant to CPLR 5713, this court certifies that the following question of law, decisive of the correctness of its determination, has arisen, which in its opinion, ought to be reviewed by the Court of Appeals: "Did this court err, as a matter of law, in affirming the order of Special Term which denied defendant's motion to dismiss the complaint for failure to state a cause of action?" Mahoney, P. J., Kane, Casey, Mikoll and Harvey, JJ., concur.