While petitioner has not filed a certificate stating his name and post-office address as he is directed to do by Election Law § 2-112 (1), he has standing to maintain the instant proceeding *(see, Matter of Casey v Nuttall,* 62 Misc 2d 386). That section provides no sanction for the failure to file names and addresses. Furthermore, as demonstrated by the exhibits submitted with these appeals, we note that petitioner is recognized and accepted by all parties involved, including the Suffolk County Board of Elections, to be the Chairman of the Huntington Town Republican Committee. As Chairman he was not required to file objections with the Board of Elections before commencing the instant proceeding to invalidate the designating petitions (Election Law § 16-102 [1]). Gibbons, J. P., Bracken, Kunzeman and Kooper, JJ., concur.

THIRD DEPARTMENT, OCTOBER, 1985

(October 1, 1985)

■ In the Matter of SAMMY BURNS, Petitioner, v EUGENE S. LeFEVRE, as Superintendent of Clinton Correctional Facility, et al., Respondents.—Application, pursuant to CPLR 5704 (a), to review an order of the Supreme Court at Special Term which, in effect, denied petitioner's application for an order to show cause to commence a proceeding against respondents pursuant to CPLR article 78. Application granted, and order entered May 8, 1985 vacated. Based upon our review of the petition, we are of the opinion that it is not patently frivolous or without some merit. Accordingly, the matter is remitted to Special Term for the issuance of an order to show cause authorizing commencement of a proceeding by such service as Special Term deems appropriate *(see, Matter of King v Gregorie,* 90 AD2d 922, *lv dismissed* 58 NY2d 822). Main, J. P., Casey, Weiss, Mikoll and Yesawich, Jr., JJ., concur.

■ In the Matter of THURL PARKER, Petitioner, v THOMAS A. COUGHLIN, III, as Commissioner of Corrections, et al., Respondents.—Motion for permission to appeal from order, treated as application, pursuant to CPLR 5704 (a), to review an order of

the Supreme Court at Special Term, which, in effect, denied petitioner's application for an order to show cause to commence a proceeding against respondents pursuant to CPLR article 78. Application denied *(see, Matter of King v Gregorie,* 90 AD2d 922, *lv dismissed* 58 NY2d 822). Kane, J. P., Main, Casey, Weiss and Mikoll, JJ., concur.