■ In the Matter of Louis ONORATO, Respondent, v CHARLES J. SCULLY, as Superintendent of Green Haven Correctional Facility, et al., Appellants.—Mikoll, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Bernhard, J.), entered November 21, 1989 in Dutchess County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Commissioner of Correctional Services finding petitioner guilty of violating certain prison disciplinary rules.

There are two primary questions presented on this appeal: (1) whether petitioner's initial letter of inquiry to the Supreme Court Clerk and subsequent timely service of his CPLR article 78 petition, together with his subsequent service by order to show cause, warrant treating petitioner's initial inquiry and submissions as an application to permit alternate service curing the jurisdictional defect in this proceeding, and (2) whether the challenged determination was properly annulled

for lack of substantial evidence to support it. Both questions are answered in the affirmative. The judgment of Supreme Court annulling the determination of guilt should therefore be affirmed.

Petitioner was found guilty of violating certain prison disciplinary rules. By a notice received on March 3, 1989 he was informed that his administrative appeal was affirmed. By letter dated June 7, 1989 and sent to the Dutchess County Courthouse, petitioner stated that he intended to file a CPLR article 78 proceeding, but that he was aware that the petitions of some inmates had been dismissed "because of improper service * * * leaving this Court without jurisdiction". Petitioner also stated that he had "not found any two persons to be in aggrement [sic] as to the appropriate rules and procedures governing Article 78 petitions in this Court". The letter continued: "Kindly inform me of the correct procedure for filing my petition with this Court, providing proof of service, and when and what supporting papers should be served upon the Attorney General." By letter dated June 12, 1989, John Ahearn, Supreme Court Clerk, sent petitioner this reply: "If you wish to bring either a writ or an article 78 petition before the court prepare the petition, serve copies on any and all respondents as well as the office of the Attorney General, 235 Main St. Poughkeepsie, N. Y. 12601. Mail the original petition with an affidavit of service to me at the' above address so we can process it for submission to the court." Petitioner sent another letter to Ahearn advising that the copy machine at the facility was inoperable, that he could not make the necessary copies on time and requesting an extension of time to submit his petition "beyond the July 3 deadline".

Thereafter, on June 28, 1989 petitioner served respondents by mail with a notice of petition, petition and affidavit in forma pauperis. On August 31, 1989, petitioner obtained an order to show cause permitting service to be made on respondents by mail on or before September 15, 1989. Another set of papers was then mailed to respondents which they received on September 7, 1989. Respondents, in lieu of an answer, moved to dismiss the petition, alleging that the proceeding was not timely commenced because the four-month Statute of Limitations had expired. Supreme Court did not address the motion but ruled on the merits, annulling the determination on the grounds that it was arbitrary, capricious and not supported by substantial evidence. This appeal ensued.

Respondents argue that the initial service of papers by mail was jurisdictionally defective because they were not person-

ally served as required by CPLR 403 (c) and (d). Respondents further claim that the order to show cause providing for service by mail was made after the four-month statutory time limit had expired, making that service untimely.

Respondents' arguments must fail, however, because although "service by mail, absent issuance of an order to show cause authorizing service by mail in lieu of personal service, is jurisdictionally defective" *(Matter of Dello v Selsky,* 135 AD2d 994, 995), the record here supports a finding that petitioner's initial letter of June 7, 1989 should be treated as an application to permit alternate service curing the jurisdictional defect *(see, supra; Matter of Hanson v Coughlin,* 103 AD2d 949; *Matter of Davis v Coughlin,* 96 AD2d 682). The initial letter of petitioner indicates that he was seeking instruction on how to avoid having his petition dismissed for improper service "leaving [Supreme] Court without jurisdiction". The response to the letter did not address this concern directly and was somewhat ambiguous, if not misleading, in that, while instructing petitioner to mail the original petition to Supreme Court, it did not indicate that service on respondents must be by personal service unless the court permits otherwise. The response was inadequate in view of petitioner's concerns and his status as an inmate, excusing his failure and warranting reading his initial submissions to the court as a request for alternative service, which in fact was later granted *(see, supra).* Thus, Supreme Court had jurisdiction to entertain this proceeding and to rule on the sufficiency of the evidence.

Respondents' contention that the administrative determination of guilt was supported by substantial evidence is not persuasive. Supreme Court properly found that the determination that petitioner refused to provide a urine sample was not supported by the record. The testimony of the nurse that petitioner was willing to give a specimen *and the absence of evidence to the contrary* negates the conclusion of the Hearing Officer.

Judgment affirmed, without costs. Mahoney, P. J., Casey, Weiss, Mikoll, and Yesawich, Jr., JJ., concur.