■ In the Matter of PAUL RIVERA, Appellant, v RAYMOND CUNNINGHAM, as Superintendent of Woodbourne Correctional Facility, et al., Respondents. [910 NYS2d 707]—

Lahtinen, J. Appeal from a judgment of the Supreme Court (LaBuda, J.), entered February 18, 2009 in Sullivan County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition.

Following the denial of his second request for parole release, petitioner applied for a writ of habeas corpus. Supreme Court signed an order to show cause that converted his application into the present CPLR article 78 proceeding and directed that respondents and the Attorney General be served via regular mail on or before a set date. When petitioner failed to do so, respondents moved to dismiss the petition for lack of personal jurisdiction. Supreme Court granted the motion, prompting this appeal.

We affirm. An inmate's failure to serve papers as directed in an order to show cause is a jurisdictional defect requiring dismissal of the petition absent a showing that obstacles presented by his or her imprisonment prevented compliance (*see People ex rel. Holman v Cunningham*, 73 AD3d 1298, 1299 [2010]; *Matter of Pettus v Fischer*, 72 AD3d 1313, 1314 [2010]). Petitioner conceded that he did not serve respondents, but claimed that his failure to do so arose from his objection to the conversion of this matter into a CPLR article 78 proceeding. An unsupported belief that Supreme Court would rescind the conversion did not prevent petitioner from serving respondents as directed, however, and Supreme Court properly dismissed the petition (*see Matter of Ciochenda v Department of Correctional Servs.*, 68 AD3d 1363, 1364 [2009]; *cf. Matter of Onorato v Scully*, 170 AD2d 803, 805 [1991]).

Rose, J.P., Stein, McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.