■ In the Matter of DAVID A. BURR, Appellant, v DAVID A. ROCK, as Superintendent of Upstate Correctional Facility, et al., Respondents. [964 NYS2d 916]—

Appeal from a judgment of the Supreme Court (Feldstein, J.), entered June 6, 2012 in Franklin County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition.

Petitioner is currently serving 25 years to life in prison on a 1983 murder conviction. In November 2011, the Board of Parole denied his request for release to parole supervision. In February 2012, he brought an application for habeas corpus relief challenging the Board's decision. Supreme Court converted the application into a CPLR article 78 proceeding. Respondents moved to dismiss the petition for, among other things, failure to exhaust administrative remedies. Supreme Court granted the motion and dismissed the petition. This appeal by petitioner ensued.

We affirm. Initially, inasmuch as habeas corpus is not the proper remedy for inmates to challenge discretionary parole release decisions (*see People ex rel. Oberoi v Yelich*, 60 AD3d 1170, 1171 [2009], *lv denied* 13 NY3d 708 [2009]; *People ex rel. Quartararo v Demskie*, 238 AD2d 792, 793 [1997], *lv denied* 90 NY2d 802 [1997]), Supreme Court properly converted the present application to a CPLR article 78 proceeding (*see e.g. Matter of Rivera v Cunningham*, 78 AD3d 1434, 1435 [2010]). Supreme Court also properly concluded that petitioner had not exhausted his administrative remedies as his administrative appeal was pending at the time he filed his application for a writ of habeas corpus (*see Matter of Watkins v Annucci*, 305 AD2d 889, 890 [2003]; *Matter of Robinson v Bennett*, 300 AD2d 715, 716 [2002]). In light of our disposition, we need not address the merits of the Board's parole decision. We have reviewed petitioner's remaining contentions and find them to be unavailing.

Rose, J.P., Lahtinen, Stein and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.