■ In the Matter of Donicia King, Appellant, v Gladys Carrion et al., Respondents. [7 NYS3d 894]—

Appeal from order, Supreme Court, New York County (Joan B. Lobis, J.), entered on or about September 23, 2014, which declined to exercise jurisdiction, unanimously dismissed, without costs, as taken from a nonappealable ex parte order, such appeal deemed an application pursuant to CPLR 5704 (a) to review the order, and the application denied.

Petitioner sought to commence a CPLR article 78 proceeding against respondents through the means of an order to show cause, which Supreme Court refused to sign. The court also issued an order declining to exercise jurisdiction. No appeal as of right lies from an ex parte order or from the refusal to sign an ex parte order to show cause (CPLR 5701 [a] [2]). However, review may be obtained by way of an application pursuant to CPLR 5704 (a).

Upon review of the record, we find that Supreme Court properly declined to sign the order to show cause, as petitioner failed to exhaust her administrative remedies (see Matter of King v Gregorie, 90 AD2d 922 [3d Dept 1982], lv dismissed 58 NY2d 822 [1983]). Petitioner never sought administrative review of respondents' determination that she was not an appropriate person to be certified or approved as a foster parent for her grandchildren (see 18 NYCRR 443.2 [b] [9], [10]). Nor did petitioner show that administrative review of the determination would be futile, or that pursuing such review would cause her irreparable injury (see Matter of Community Related Servs., Inc. [CRS] v Novello, 41 AD3d 323, 323 [1st Dept 2007]). Accordingly, petitioner could not have prevailed in an article 78 proceeding (see Matter of King, 90 AD2d at 923). Concur— Gonzalez, P.J., Mazzarelli, DeGrasse and Kapnick, JJ.