Sitbon-Robson v Robson (2019 NY Slip Op 02625)





Sitbon-Robson v Robson


2019 NY Slip Op 02625


Decided on April 4, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 4, 2019

Sweeny, J.P., Manzanet-Daniels, Kern, Oing, Singh, JJ.


314195/14 8901 8900

[*1]Caroline Anne Sitbon-Robson, Plaintiff-Appellant,
v
Jonathan Robson, Defendant-Respondent.


Advocate, LLP, New York (Jason A. Advocate of counsel), for appellant.
Elliott Scheinberg, New City, for respondent.



Order, Supreme Court, New York County (Laura E. Drager, J.), entered May 9, 2018, which, as limited by the briefs, directed that, if the marital residence was not sold by June 30, 2018, the parties were to confer with their broker, and set the asking price at an amount determined by the broker, and permitted the parties to apply for a receiver to sell the property if not sold by September 30, 2018, unanimously modified, on the law, to delete the court's directives and, as so modified, affirmed, without costs. Appeal from order, same court and Justice, entered June 11, 2018, which, as limited by the briefs, declined to sign a portion of an order to show cause, unanimously dismissed, without costs, as taken from a nonappealable order.
Prior to the trial court's order, the parties entered into a stipulation that resolved a portion of issues in their matrimonial action, including how the marital residence would be priced and sold. Because the parties' stipulation addressed the pricing and sale of the marital residence and the parties did not challenge the validity of the stipulation or consent to the alteration of those terms, the trial court lacked the authority to reform those terms to what it thought was proper (Rodolitz v Neptune Paper Prods., 22 NY2d 383, 386-387 [1968]; Leffler v Leffler, 50 AD2d 93, 95 [1st Dept 1975], affd 40 NY2d 1036 [1976]).
No appeal lies from the portion of the trial court's order that declined to sign the wife's order to show cause as it related to the husband's ComputerShare account (CPLR 5701[a][2]; Matter of King v Carrion, 128 AD3d 461, 462 [1st Dept 2015]; USA Recycling, Inc. v Baldwin Endico Realty Assoc., Inc., 147 AD3d 697, 698 [1st Dept 2017]). We decline to construe nostra sponte the wife's notice of appeal as an application pursuant to CPLR 5704(a).
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 4, 2019
CLERK