Matter of Northern Manhattan Equities, LLC v Civil Ct. of the City of N.Y. (2021 NY Slip Op 01006)





Matter of Northern Manhattan Equities, LLC v Civil Ct. of the City of N.Y.


2021 NY Slip Op 01006


Decided on February 16, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 16, 2021

Before: Gische, J.P., Moulton, González, Scarpulla, JJ. 


Index No. 159406/19 Appeal No. 13127 Case No. 2020-01086 

[*1]In the Matter of Northern Manhattan Equities, LLC, Petitioner-Appellant,
v
The Civil Court of the City of New York et al., Respondents-Respondents.


Rosenblum & Bianco, LLP, Rockville Centre (Tracy William Boshart of counsel), for appellant.
Eileen D. Millett, Office of Court Administration Counsel's Office, New York (Mindy Ming-Huai Jeng of counsel), for respondents.



Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered December 19, 2019, which denied the petition seeking to compel respondent The Civil Court of the City of New York to sign petitioner's application for a default judgment and an ex parte warrant, and dismissed the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
In this article 78 proceeding, petitioner seeks to challenge a determination of respondent Civil Court, which declined to sign petitioner's application for a warrant in an action pending before that court. The Civil Court declined to sign the warrant due to petitioner's alleged failure to provide sufficient notice to its commercial tenant (see RPAPL 711[2]).
The Supreme Court properly denied the petition. An article 78 proceeding is not an appropriate vehicle for seeking review of issues that could be raised in an appeal (see CPLR 7801[1]). Even assuming that the denial of petitioner's application was not an order appealable as of right (see 809-811 Kings Highway, LLC v Pulse Laser Skin Care, 25 Misc 3d 130[A] [App Term 2d Dept 2009]), petitioner could seek appellate review by moving to vacate or modify the order and then, if necessary, appealing from the denial of that motion to the Appellate Term (see Civil Ct Act § 1702[a][3]; Board of Educ. of the City Sch. Dist. of the City of N.Y. v Grullon, 117 AD3d 572, 573 [1st Dept 2014]). Alternatively, petitioner may seek review from the Appellate Term by permission or application (see Civil Ct Act § 1702[c]; CPLR 5704[b]; see also Matter of King v Carrion, 128 AD3d 461, 462 [1st Dept 2015]; Grullon at 573). 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 16, 2021