Matter of Trump v Engoron (2023 NY Slip Op 06461)

Matter of Trump v Engoron

2023 NY Slip Op 06461

Decided on December 14, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 14, 2023

Before: Kapnick, J.P., Moulton, Scarpulla, O'Neill Levy, JJ. 

Index No. 452564/22 Appeal No. 1443 Case No. 2023-05859 

[*1]In the Matter of Donald J. Trump et al., Petitioners,
v
Hon. Arthur F. Engoron, etc., et al., Respondents.

Habba Madaio & Associates, New York (Alina Habba of counsel) and Robert & Robert, PLLC, Uniondale (Clifford S. Robert and Michael Farina of counsel), for petitioners.
David Nocenti, Office of Court Administration, New York (Michael J. Siudzinski of counsel), for Hon. Arthur F. Engoron, respondent.
Letitia James, Attorney General, New York (Dennis Fan of counsel), for Letitia James, respondent.

CPLR 7803(2) is a codification of the common-law writ of prohibition, which is available to restrain an unwarranted assumption of jurisdiction and to prevent a court from exceeding its powers (see e.g. LaRocca v Lane, 37 NY2d 575, 578-579 [1975], cert denied 424 US 968 [1976]; Matter of Johnson v Sackett, 109 AD3d 427, 428-429 [1st Dept 2013], lv denied 22 NY3d 857 [2013]). In their second, third and fourth causes of action, petitioners seek a writ of prohibition to vacate and annul the Gag Orders and the Contempt Orders.
Initially, we note that the Supplemental Limited Gag Order only prohibits statements made by counsel, not by petitioners. Inasmuch as the Supplemental Limited Gag Order does not apply to petitioners, they lack standing to challenge it (see e.g. Lucker v Bayside Cemetery, 114 AD3d 162, 169 [1st Dept 2013], lv denied 24 NY3d 901 [2014] [to establish standing, a party must show "injury in fact, that is, an actual stake in the matter to be adjudicated"]).
As to petitioners' demand for a writ of prohibition with respect to the First Gag Order and the Contempt Orders, the Court of Appeals has found that the "extraordinary remedy" of a writ of prohibition lies only where a "clear legal right" to such relief exists (Matter of Rush v Mordue, 68 NY2d 348, 352 [1986]). Permitting liberal use of this remedy would effectively achieve premature appellate review and undermine the statutory and constitutional regime governing the appellate process (id. at 353). Invoking this extraordinary remedy is only appropriate if there exists a substantial claim of an absence of jurisdiction or an act in excess of jurisdiction (Matter of Nicholson v State Commn. on Judicial Conduct, 50 NY2d 597, 605-606 [1980]).
In determining whether to exercise the court's discretion and grant a writ of prohibition, several factors are to be considered, including "the gravity of the harm which would be caused by an excess of power" and "whether the excess of power can be adequately corrected on appeal or by other ordinary proceedings at law or in equity" (LaRocca v Lane, 37 NY2d at 579). Here, the gravity of potential harm is small, given that the Gag Order is narrow, limited to prohibiting solely statements regarding the court's staff (cf. United States v Trump, __F4th __, 2023 WL 8517991, 2023 US App LEXIS [*2]32778 [DC Cir Dec. 8, 2023] [upholding a broader gag order than the one at issue here]). Further, while the Gag Order and Contempt Orders were not issued pursuant to formal motion practice, they are reviewable through the ordinary appellate process (see CPLR 5701[a][3]; Matter of Northern Manhattan Equities, LLC v Civil Ct. of the City of N.Y., 191 AD3d 536, 537 [1st Dept 2021] ["petitioner[s] could seek appellate review by moving to vacate or modify the order and then, if necessary, appealing from the denial of that motion to the Appellate [Division]"]). For these reasons, a writ of prohibition is not the proper vehicle for challenging the Gag Order and Contempt Orders.
As to the first cause of action, CPLR 7801(2) clarifies that article 78 review is not permitted in a civil or criminal action where it can be reviewed by other means, "unless it is an order summarily punishing a contempt committed in the presence of the court" (CPLR 7801[2]). The Contempt Orders here were not issued "summarily," nor was the contempt "committed in the presence of the court." To the extent there may have been appealable issues with respect to any of the procedures the court implemented in imposing the financial sanctions, the proper method of review would be to move to vacate the Contempt Orders, and then to take an appeal from the denial of those motions. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 14, 2023